JOHN G. BERNER, Respondent, *v.* THE COLLIER COMPANY, Appellant. (Action No. 1.)

First Department, October 26, 1917.

**Process — service of summons upon foreign corporation not doing business here — service upon officer while passing through State.**

Where a foreign corporation was never licensed to do business in this State and has never maintained therein any office for the transaction of business, service of summons cannot be made upon its vice-president who has no local residence and who while traveling to a city in another State, merely stopped at a city in this State to obtain information relating to a claim respecting certain property.

APPEAL by the defendant, The Collier Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of

New York on the 8th day of September, 1917, denying its motion to vacate a judgment and to enjoin the sale under execution thereon of certain personal property.

*Charles M. Travis,* for the appellant.

*Clarence McMillan,* for the respondent.

DOWLING, J.:

The summons and complaint herein were served personally upon John R. Davock, vice-president of the defendant company on July 26, 1917. The defendant is a foreign corporation, organized under the laws of the State of Ohio and having its principal place of business at Cleveland in that State, and is engaged in the sale of motor trucks. It was not licensed to do business in the State of New York and never has maintained any office for the transaction of business therein. For five months it had a salesman at Buffalo, who was paid no salary but a commission on sales consummated by him, and he procured only one order, which was for a motor truck, shipped from Painesville, O., to Buffalo, N. Y. This employment was terminated June 1, 1917. In February, 1917, plaintiff was employed by defendant to sell motor trucks on commission, all orders to be referred to defendant's office at Cleveland, O., for acceptance and the trucks to be shipped in interstate commerce directly to the purchasers. This employment was terminated June 29, 1917. Neither of these selling agents was authorized to maintain an office for defendant in the State of New York, nor to employ any representatives, agents or servants for the defendant therein. It thus appears that for nearly a month before the service of the summons and complaint herein the defendant had no representative, agent, servant or employee in the State of New York, and during that period it had neither sold or attempted to sell any goods in this State, nor solicited any orders for the same. None of the officers or directors of defendant resides or has a place of business in the State of New York. The only property belonging to defendant in this State upon which levy was made by the sheriff under the warrant of attachment herein consists of certain motor trucks and chassis shipped by defendant from Ohio to New

York city and which had been rejected by the purchasers thereof. This constituted the sole property found to satisfy the judgment herein, save one other truck which was levied upon in Monroe county, N. Y. John R. Davock, defendant's vice-president, resides in Cleveland, O., and when he was served with the summons herein he was on his way to Boston to attend to business of the company there. His sole purpose of staying in New York city, he swears, was " to confer with Major Lee White, the president of the Broadway Motor Truck Company, relative to a certain claim of said Broadway Motor Truck Company against the defendant corporation and to learn the nature of said claim of said Broadway Motor Truck Company; that deponent transacted no business of any kind or description for the defendant corporation while in the said City of New York." Plaintiff is unable to show that Davock transacted any business here, save certain alleged " negotiations." Upon this record it is conclusively established that the defendant was not doing business in this State at the time of the service of the summons and complaint herein, nor was Davock, its vice-president, engaged about its business to such an extent or in such a sense that his casual visit conferred jurisdiction upon the courts of this State. (*Lanzner* v. *Allyne Brass Foundry Co.*, 179 App. Div. 892; *Dollar Co.* v. *Canadian Car & Foundry Co.*, 220 N. Y. 270.) There was shown none of the elements of " a fair measure of permanence and continuity" as to the corporation's activities in this State, referred to in *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 267) as the basis for conferring jurisdiction.

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.