Sunrise Lumber Company, Inc., Respondent, v. Homer D. Biery Lumber Company, Appellant.

Second Department, January 14, 1921.

Process — Code of Civil Procedure, section 432, subdivision 1, construed — service of summons and complaint on president of foreign corporation temporarily within State — service set aside where corporation not doing business within State — when corporation not doing business within State.

Under subdivision 1 of section 432 of the Code of Civil Procedure the president of a foreign corporation may be served with a summons and complaint within this State only when said corporation is properly a defendant; that is, when it is doing business within the State.

In an action against a foreign corporation the service of a summons and complaint on the president while he was temporarily stopping in this State, not on the business of the defendant, should be set aside where it appears that the defendant had then in this State no agent to accept service of process, no bank account here, held no directors' or other meetings here and had no property within the State, and the only basis for the contention that said defendant was doing business here was that, on one occasion, the defendant's sales manager solicited and received an order for goods from the plaintiff which was confirmed by letter from the defendant's home office, and that the defendant maintained a fiscal agent here for the purpose of selling its corporate stock, and at one time published here a notice of a declaration of dividend which was dated at its home office.

The casual and occasional soliciting of orders within the State does not constitute the doing of business within the State within the jurisdictional sense.

Appeal by the defendant, Homer D. Biery Lumber Company, appearing specially herein for the sole purpose of moving

to set aside the service of the summons and complaint herein, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 20th day of October, 1920, denying defendant's motion to set aside the service of the summons and complaint.

*James H. Purdy, Jr.* [*A. F. Von Bernuth* with him on the brief], for the appellant.

*Charles Soble,* for the respondent.

Mills, J.:

There really is no dispute about the facts in this case, although there is some variance between the opposing affidavits as to the inferences to be deduced from the specific facts stated.

Plaintiff is a domestic corporation, and defendant a foreign one; the latter organized under the laws of Delaware. Defendant's president, on August 19, 1920, was temporarily stopping at the Biltmore Hotel, New York city, not at all upon the business of defendant, and was there served with the summons and complaint. Defendant had then in New York no agent to accept service of process, no bank account therein, held no directors' or other meetings therein, and had no property therein. The ground of the motion was that the defendant was not doing business within this State. The learned justice, in making his decision, filed no opinion.

By a literal reading of subdivision 1 of section 432 of the Code of Civil Procedure it would seem that service upon the president of a foreign corporation within the State is sufficient; but our Court of Appeals, in an effort to uphold that provision as constitutional and valid, held that its true meaning is that such service may be made only when the foreign corporation is properly a defendant; that is, when it is doing business within the State. (*Dollar Co.* v. *Canadian C. & F. Co.,* 220 N. Y. 270, 277.) It may be remarked that it would not be easy to find a decision upon the point better illustrating the length to which a court may go to save the constitutionality of a statute, which otherwise would be invalid as violating section 1 of the Fourteenth Amendment to the Federal Constitution. This holding constituted a modification of the rule previously

asserted by that court in *Pope* v. *Terre Haute Car Mfg. Co.*
(87 N. Y. 137) and allied cases. That modification was made
with due regard to the decision of the United States Supreme
Court in *Riverside Mills* v. *Menefee* (237 U. S. 189).

The test, therefore, here is: Was the defendant corporation
doing business within this State? What, for the purpose
of jurisdiction, constitutes " the doing of business within this
State," was discussed and determined by the Court of Appeals
in *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 259). In that
case the defendant, a Pennsylvania corporation, maintained
a branch office in New York city in charge of an agent having
eight salesmen under him, where they solicited and received
orders for the purchase of defendant's product, but transmitted
such orders to the main office at Philadelphia, where such orders
were confirmed and finally accepted. The court held that
that was a sufficient doing of business within this State, citing
as authority the case of *International Harvester Co.* v. *Kentucky*
(234 U. S. 579), wherein it was held that a like course by the
defendant, a foreign corporation within that State, constituted
a doing of business therein, although the defendant maintained
no office within that State, but simply regularly maintained
therein a corps of selling agents, who reported their sales to
defendant's general agent at its home office, who there approved
them.

The intimation of that decision is that, if the soliciting
and taking of orders within the State had been casual and
occasional, it would not have constituted a doing of business
within the State in the jurisdictional sense. That distinction
seems reasonable; otherwise, nearly every business house in
New York city would have to be held to be doing business
within every State in the Union, because its traveling salesmen
occasionally visit such State and there solicit orders. Applying
this test to the facts in this record, and construing the affidavits
most favorably to plaintiff, respondent, as we should do, we
find simply the following, viz.:

(a) Defendant's sales manager, upon one occasion, March 5,
1920, visited plaintiff's office in New York city and there
solicited a purchase of lumber from the plaintiff, which
purchase, however, was confirmed by a letter of the defendant
written from defendant's home office at Franklin, Penn.

(b) Defendant maintained a fiscal agent at No. 280 Broadway, New York city, for the sale of its corporate stock.

The above are the only specific facts appearing which indicate any doing of business by the defendant within this State. The affidavits submitted in behalf of the defendant attempted to explain those facts by showing that it has an arrangement with a certain New York brokerage concern for the sale, upon commission, of a certain quantity of its corporate stock, and that that concern published in New York various advertisements for the sale of the stock, stating certain material facts in reference to defendant's business and financial status, but that they were merely agents to sell the stock, and further, that the said purchase from plaintiff was consummated by a letter written from the home office in Pennsylvania. It further appeared in plaintiff's affidavits that defendant, last September, published in the New York *Times* a notice of its declaration of dividend, such notice, however, being dated at Franklin, Penn. It seems to me that within the above-stated rule the defendant was not doing business within this State. The soliciting in New York city by its manager of a purchase from plaintiff did not constitute that. A selling by its fiscal agent of its stock in New York city was of no greater effect in that direction. There is scarcely a considerable corporation anywhere in the United States which does not attempt to sell its stock and bonds through Wall street houses. Such selling is not a doing of business by the corporation. The business of this defendant is manufacturing and marketing lumber; not at all the sale of stock.

I advise, therefore, that the order appealed from be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Jenks, P. J., Rich, Blackmar and Jaycox, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.