NATIONAL FURNITURE COMPANY, Plaintiff, *v.* WILLIAM SPIEGELMAN & CO., INC., Defendant.

(Supreme Court, Chautauqua Special Term, July, 1921.)

Process — service of summons upon officer of foreign corporation within the state — doing business within the state — corporations.

> In an action to recover the purchase price of certain furniture sold at an exposition held in this state, to the defendant, a foreign corporation, through its treasurer who had made like purchases from plaintiff at prior expositions held at the same place, it appeared that when service of the summons was made upon said treasurer at the place where the exposition was held, he had come as the representative of defendant to attend another furniture exposition and make purchases for his corporation. Beyond the dealings with plaintiff it did not appear that defendant transacted or transacts any business within this state. *Held*, that a motion to set aside the service of the summons as unauthorized and as conferring no jurisdiction to render a personal judgment against the defendant will be denied.
>
> The contract must be treated as a New York contract and so far as the transactions with plaintiff are concerned the defendant submitted itself to the local jurisdiction and was present, doing business within this state.

MOTION by the defendant to quash the service of a summons.

Louis L. Thrasher, for defendant and motion.

Robert H. Jackson, for plaintiff, opposed.

WHEELER, J. This is a motion by the defendant to quash the service of a summons, on the ground such service was unauthorized, and conferred no jurisdiction on this court to render a personal judgment against the defendant.

The facts disclosed by the moving and opposing affidavits are, that the defendant is a foreign corporation organized under the laws of Pennsylvania and located in the city of Philadelphia; that this action is to recover the purchase price of certain furniture claimed to have been sold by the plaintiff to the defendant at Jamestown, N. Y.; that the purchase in question was made through one Charles Spiegelman, the treasurer of the defendant, at an exposition held in the city of Jamestown; that he had made previous purchases of furniture at prior expositions, and on the occasion when service of process in this action was made on said Charles Spiegelman he had come to Jamestown as the representative of the defendant to attend another furniture exposition and make purchases for his company. Beyond the transactions above recited it does not appear that the defendant transacted or transacts any business within the state of New York, or has any business office or property within the state. The question presented is whether under such facts and circumstances the courts of this state can acquire jurisdiction of the defendant so as to render personal judgment against it.

Section 432 of the Code of Civil Procedure literally read is broad enough to give the court jurisdiction in every case where the officers of a foreign corporation specified in the section could be personally served with process. However, the Supreme Court of the United States, in the case of *Riverside & Dan River Cotton Mills* v. *Menefee,* 237 U. S. 189, held that the courts of one state may not without violating the due process of law clause of the United States Constitution, Fourteenth Amendment, render a money judgment against a corporation organized under the laws of another state, upon service on a resident director where the corporation has not come

into the former state for the purpose of doing business therein and has done no business therein, and has no property therein, and no qualified agent therein upon whom process may be served.

The Court of Appeals of this state, following the rule enunciated by the United States Supreme Court, in the case of *Dollar Company* v. *Canadian Car & Foundry Co.,* 220 N. Y. 270, gave the Code section referred to an interpretation in harmony with the decision of the United States Supreme Court, thus modifying the previous doctrine expressed in the case of *Pope* v. *Terra Haute Car Mfg. Co.,* 87 N. Y. 137.

It is now contended by defendant's counsel in this action that the service made on the defendant's treasurer should be vacated and set aside as violative of the law as declared in cases referred to. The question still remains, however, whether the defendant was or had been " *doing business within the state* " so as to render it subject to the process of our courts. The decisions of the courts on that subject are few in number, and so far cannot be deemed decisive on the state of facts here presented.

It should be noted that in this case the contract upon which this action is brought was made in this state by an authorized agent and officer of the defendant. The purchase was made in Jamestown. It is true that the defendant claims that purchases of furniture made by its treasurer were subject to confirmation by the home office of the company, and it is, therefore, urged that instead of the contract being in fact a New York contract it is a Pennsylvania contract. There is, however, nothing in the defendant's affidavits showing that notice of any such limitation on the treasurer's authority was given the plaintiff and others. On the contrary the plaintiffs in the affidavit read in opposition state that Charles Spiegelman

Supreme Court, July, 1921. [Vol. 116.

had made previous purchases for his company at the Furniture Exposition, and that the defendant had always recognized the business so transacted, and never repudiated orders given by him here, or business done at the Furniture Exposition.

We think the court is, therefore, justified in holding that if there was any need of confirmation of purchases by the home office the plaintiff in this action had no notice or knowledge of any such limitation of the treasurer's authority. The general rule is that acts done by executive officers of a corporation within the apparent scope of their authority in regard to the regular business of the corporation are binding upon it, and those dealing with such officers, under such circumstances, are not required to prove specific authority from the board of directors, and are not affected by any secret provisions of the by-laws not brought to their attention. *Lyon* v. *West Side Transfer Co.*, 132 App. Div. 777; *Warfield* v. *Wire Wheel Corp.*, 184 id. 687.

Consequently for the purposes of this motion we must assume that the purchase of furniture made by the defendant's officer at Jamestown was a valid and binding contract without any necessity of its confirmation by the Philadelphia office of the defendant, and must be treated as a contract made in New York and sought to be enforced here.

This brings the court back to the consideration whether the purchase specified constitutes such a doing of business in this state as will sustain the service of process on an officer of the defendant here.

In the case of *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259, there is an intimation that possibly a course of business dealing instead of isolated acts within the state is necessary to constitute such a doing of business within the state as to subject the

foreign corporation to the process of our courts. In discussing the facts in that case Judge Cardozo, writing for the court, said: " If in fact it is here, if it is here, not occasionally or casually, but with a fair measure of permanence and continuity, then, whether its business is interstate or local, it is within the jurisdiction of our courts."

In the *Tauza* case the record shows the action was based on a cause of action which did not arise within the state of New York.

There are three reported cases in the Appellate Division of this court to which the attention of this court is called by defendant's counsel. The first is that of *Berner* v. *Collier Co.*, 179 App. Div. 732. There the defendant was an Ohio corporation which for a short time had had a salesman at Buffalo who was paid no salary but a commission on sales consummated by him. He had procured but one order and his employment had been terminated prior to service of process. The plaintiff Berner was employed to sell on commissions, but all orders had to be referred to the Ohio office for acceptance. His employment had also been terminated before attempted service, so at that time defendant had no agent or employee in the state, and was doing no business within the state. Held defendant was not subject to service of process within the state.

*Note:* It does appear that in this case the contract sued on was made without this state or the cause of action arose here.

The next case is that of *Fleischmann Construction Co.* v. *Blauner's,* 190 App. Div. 95, where a foreign corporation engaged in retailing merchandise in another state maintained a buying force in New York city, and it was held that it constituted doing business within the state. There the contract sued on was

made within the state and the court said *buying* is just as much of a business as *selling*.

The next reported case is that of *Sunrise Lumber Co., Inc.* v. *Biery Lumber Co.,* 195 App. Div. 170, where service was made on an officer of a foreign corporation who happened to be incidentally within the state. It appeared that on a single occasion defendant's sales manager had solicited a purchase of lumber in New York, which however was confirmed by a letter of the defendant to the plaintiff, and it was held this did not constitute doing business within the state so as to subject the foreign corporation to the jurisdiction of this state. It did not appear that the cause of action sued on arose in this state.

We thus see that so far as the above cases are concerned none of them pass on the situation presented where the cause of action arises out of transactions had within the state itself, and whether a foreign corporation coming into the state, making a contract here, to be performed, can when sued on that particular contract ask that service of process be quashed because it is not doing business within the state. It seems to us that to state the proposition is to answer it, and that under such circumstances it does not lie in the mouth of the defendant to say it was not doing business within the state. It may be that such single and incidental transactions would not be deemed a sufficient doing business within the state to render the foreign corporation subject to the jurisdiction of the courts of this state as to causes of action not arising within the state, but we deem it repugnant to our sense of common right and justice to hold that a foreign corporation may incur obligations to our own citizens by contracts made by it here, and in the next breath say " You cannot call

us to an account in your own court for a breach of
such a contract.''

Judge Cardozo in his opinion in *Tauza* v. *Susque-
hanna Coal Co.*, 220 N. Y. 259, 268, says: '' But there
is no precise test of the nature or extent of the busi-
ness that must be done. All that is requisite is that
enough be done to enable us to say that the corpora-
tion is here.'' Citing *St. Louis S. W. Ry. Co.* v.
*Alexander*, 227 U. S. 218; *Washington-Virginia Ry.
Co.* v. *Real Estate Trust Co. of Phila.*, 238 id. 185.

In *Washington-Virginia Ry. Co.* v. *Real Estate
Trust Co., supra,* the court used this language in dis-
cussing the question as to whether a foreign corpora-
tion was doing business in another jurisdiction: ''As
this court has had frequent occasion to say, each case
of this kind must depend on its own facts, and the
question is whether the defendant corporation had
submitted itself to the local jurisdiction and was
present therein so as to warrant service of process
upon it.''

There are other decisions of the Federal courts
which throw light upon the question now under con-
sideration.

In the case of *Dugan, Hood & Co., Inc.,* v. *Bally,*
271 Fed. Repr. 517, arising in the United States Dis-
trict Court for Eastern Pennsylvania, the defendant
was a Swiss corporation manufacturing boots and
shoes in Switzerland. It made a contract to purchase
leather from the plaintiff, a Philadelphia concern.
A director of the defendant came to Philadelphia and
while there was served with a summons in an action
on the contract, and on a motion to quash such serv-
ice it was held that the defendant was doing business
within the state and subject to its jurisdiction. In
its opinion the court lays emphasis on the fact the
contract sued on was a Pennsylvania contract and

Supreme Court, July, 1921. [Vol. 116.

quotes with approval the language of Judge Platt in the case of *New Haven Pulp & Board Co.* v. *Downingtown Mfg. Co.,* 130 Fed. Repr. 605–608, in which it was said: " It would seem ungracious for the defendant to permit its agent to visit Connecticut concerning matters which touch one branch of a transaction, and to object to service upon such agent of a notice that the plaintiff seeks to recoup in one direction what it lately lost in another. * * *

" It is impossible to assent to the proposition that doing business within a state means a persistent or continuous condition of doing or offering to do business."

As touching the general policy of the courts on questions of this nature we may quote with propriety from the opinion of Mr. Justice Peckham in the case of *Connecticut Mutual Life Insurance Company* v. *Spratley,* 172 U. S. 602: "A vast mass of business is now done throughout the country by corporations which are chartered by States other than those in which they are transacting part of their business, and justice requires that some fair and reasonable means should exist for bringing such corporations within the jurisdiction of the courts of the State where the business was done, out of which the dispute arises." See, also, *Premo Specialty Mfg. Co.* v. *Jersey-Creme Co.,* 200 Fed. Repr. 352.

We think in this case this court should hold that when the defendant sent its duly authorized officer into this state to make purchases of furniture, and made such contracts, so far at least as these transactions are concerned the corporation submitted itself to the local jurisdiction and was present doing business within the state.

In this connection it may not be out of place to call attention to the case of *Old Wayne Mut. Life*

*Ass'n* v. *McDonough,* 204 U. S. 8, where the insurance company did business in Pennsylvania without, however, filing a stipulation in reference to service of process required by the Pennsylvania statute, and the court held that if the cause of action under consideration had relation to business transacted in Pennsylvania the insurance company would be estopped from taking advantage of its failure to file the stipulation required by statute, and although it had not consented to be bound by service, it would be bound, nevertheless, the same as if it had consented. See, also, *Simon* v. *Southern Ry. Co.,* 236 U. S. 115; *Bagdon* v. *Phila. & Reading C. & I. Co.,* 217 N. Y. 432.

We reach the conclusion that the motion to quash the service of the summons should be denied, with ten dollars costs of motion.

Motion denied.