Richard Aronson, J.
The defendant, Edwards Engineering Corporation, a Ndw Jersey corporation (hereinafter referred to as “ Edwards”), has moved pursuant to rule 3211 (subd. *105 [a], par. [8]) of the Civil Practice Law and Bules to set aside service upon it of the summons and complaint in this action upon the grounds that the court has no jurisdiction of the person of the defendant. Service was effected upon it in the State of New Jersey on September 27,1963, by service of the papers upon its secretary.
The complaint alleges inter alla that the defendant Edwards is the manufacturer of certain heating equipment, the purchase of which was recommended by the architects defendants and thereupon purchased and installed by the defendant John P. Korb in the premises owned by the plaintiffs in Syracuse, New York; it further alleges that “as a result of improper, inadequate and negligent manufacture, installation and operation of the said equipment, the plaintiffs have been caused to sustain ” certain damage which they now seek to recover in this action from it and the other defendants. It does not appear from whom the equipment was purchased.
Edwards contends that the New York courts have no jurisdiction over it since it is a foreign corporation which is not authorized to do business within the State; that it has no office for the transaction of business therein; and that it never conducted any business with plaintiff within the State of New York in reference to this particular transaction or otherwise. By this motion it seeks to set aside the service of the summons and complaint heretofore effected upon it for two reasons; one being that the court lacks jurisdiction over it, and the other being that even though it might be determined that the court has jurisdiction, the statute is not retroactive and, since the plaintiffs’ cause of action against the moving defendant accrued prior to the effective date of the statute, it does not apply to the moving defendant.
The pertinent section of the Civil Practice Law and Buies affecting jurisdiction in this case is found in section 302, which is the so-called “long-arm statute”. Considering first the question of the retroactivity of the section, the court is of the opinion that the statute is retroactive and applies to the plaintiffs’ cause of action, notwithstanding that it accrued prior to September 1, 1963, the effective date of the statute. The general rule is that New York uniformly applies procedural statutes such as the one involved here retroactively inasmuch as they merely liberalize existing procedural aspects of the law, whereas they in no way enlarge or extend the liability of the defendant (Shielcrawt v. Moffett, 294 N. Y. 180).
It is significant to note that while as yet no precedent is to be found in this State as to whether section 302 of the Civil *106 Practice Law and Buies is retroactive since the courts of this State have not as yet been called upon to determine that question, the Illinois courts have held that a similar statute enacted by its Legislature applied to all actions pending on or commenced after its effective date without regard to the date when the cause of action arose (Nelson v. Miller, 11 111. 2d 378).
Having determined that the statute is retroactive, the next question to be resolved is whether, under the facts alleged in the complaint, the court has the power to exercise in personam jurisdiction over the moving defendant, a foreign corporation not authorized to do business within the State. If any such power exists, it must necessarily be found in paragraph 1, 2 or 3 of subdivision (a) of section 302 of the Civil Practice Law and Buies which provides:
£i § 302. Personal jurisdiction by acts of non-domiciliaries.
£t (a) Acts which are the basis of jurisdiction. A court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he:
“ 1. transacts any business within the state; or
££ 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
“ 3. owns, uses or possesses any real property situated within the state.
££ (b) Effect of appearance. Where personal jurisdiction is based solely upon this section, an appearance does not confer such jurisdiction with respect to causes of action not arising from an act enumerated in this section.”
Paragraph 3 of subdivision (a) of this section is obviously inapplicable to the facts alleged herein since nowhere does it appear that Edwards owned any real property within the State.
Although the complaint alleges that the damage to the plaintiffs resulted from the negligent manufacture of the heating equipment by the defendant, it can hardly be said that the cause of action is based, upon the commission of a ‘ ‘ tortious act” by Edwards withip the State, and, therefore, the court is of the opinion that under the facts alleged in the complaint the courts of New York obtained no jurisdiction over the defendant Edwards pursuant ¡to paragraph 2 of subdivision (a) of section 302. Accepting as true the material allegations of fact contained in the complaint, dimply because the alleged damage arose in *107 New York State and was due to the alleged faulty manufacture of the equipment by the defendant Edwards in New Jersey and installed by the defendant ICorb in New York, does not in and of itself constitute such an act as would give this court jurisdiction over a nondomiciliary. All the acts constituting the alleged tort by the defendant Edwards occurred outside New York. Only the damage occurred here. The words “tortious act” were not intended to impose jurisdiction of New York courts upon foreign corporations under facts such as those in the present case (Hellriegel v. Sears Roebuck & Co., 157 F. Supp. 718 [U. S. Dist. Ct, 111., 1957]).
Coming now to whether New York acquired jurisdiction under paragraph 1 of subdivision (a) of section 302, it would appear that even under this paragraph more contact than a mere isolated purchase in this State of goods manufactured by the defendant outside of the State is required to subject that defendant to jurisdiction, notwithstanding the minimal contact theory of the statute. This is especially true in view of the fact that the foreign corporation maintained no office in this State and had no sales representative engaged in its business therein, nor did it make any contracts with either the plaintiffs or any of the defendants in this action. ‘ ‘ Transaction of any business ” is a vague phrase. Certainly, in order to subject the moving defendant to a judgment in personam where it is not present within the territory of the forum, due process requires that it have certain minimal contacts with it such that the maintenance of the suit does not offend the “traditional notions of fair play and substantial justice ” (International Shoe Co. v. Washington, 326 U. S. 310, 316). Here the foreign corporation actually transacted no business within the State of New York. Its only contact with it is the presence here of some heating equipment manufactured by it in the State of New Jersey which thereafter found its way into the hands of a resident of this State in a manner which is unexplained to the court. It was not ordered directly from the moving defendant by any of the parties hereto nor does it appear that the defendant contracted in any way with the plaintiff for the purchase thereof.
It has been held that even a solicitation of orders for the purchase of goods within a State to be accepted without the State and the filling of said orders by shipment of the purchased goods into a State does not render the corporation a seller amenable to suit within that State.
There is no question but what less proof is required under the statute than was formerly required in order to subject a *108 nonresident defendant to the jurisdiction of the New York courts (Holzer v. Dodge Bros., 233 N. Y. 216; Sunrise Lbr. Co. v. Biery Lbr. Co., 195 App. Div. 170), but at the same time “ due process ” requires that some reasonable basis be found to give the court jurisdiction.
Again, the decisions of the Illinois courts in interpreting a similar statute of that State indicate that more than a single contact is necessary in order that a nonresident defendant can be said to be doing “ any business ” within that State in order to subject it to the jurisdiction of its courts (Grobark v. Addo Mach. Co., 18 111. App. 2d 10, affd. 16 111. 2d 426; Kaye-Martin v. Brooks, 267 F. 2d 394 [C. A., 7th Cir., 1959]).
Here there is no showing that the foreign corporation had any interest in any corporation, partnership or individual distributing its products in New York State, nor that it had the right to exercise any control over the distributors or purchasers of its products. The purchasers of the defendant’s products who were in New York State were independent businessmen and certainly could not be considered to be agents of the defendant corporation.
The court recognizes the intent of the Legislature in wanting to facilitate the bringing of actions in this State against foreign corporations. However, the use of the words “ any business ” connotes some consistent contacts or organized functions with or within the State. Those “ minimal contacts ” which are an absolute prerequisite to personal jurisdiction of the courts of the State over the moving defendant are totally lacking.
For the foregoing reasons, the motion of the defendant Edwards to set aside and vacate the service of the summons and complaint heretofore served upon it herein is granted, without costs.