David T. Gibbons, J.
It is ordered that this motion by plaintiff for an order striking the answer of the defendant by reason of his failure to comply with the plaintiff’s notice for discovery and inspection dated October 8, 1975 is determined as follows:
After a note of issue and statement of readiness was filed by the plaintiff on April 9, 1975, CPLR 3101 was amended by chapter 668 of the Laws of 1975 (eff Aug. 6, 1975) by adding subdivision (f) which provides for the discovery of the contents of an insurance agreement.
By the service of a notice for discovery and inspection, dated October 8, 1975, upon the defendant, the plaintiff sought to ascertain details in regard to defendant’s insurance policy under CPLR 3101 (subd [f]).
No motion was made by the defendant to vacate said notice.
Defendant contends in opposition that (1) the plaintiff is precluded from such remedy in view of plaintiff’s statement contained in the statement of readiness that all pretrial proceedings have been completed and the matter is ready for trial, and (2) further, that CPLR 3101 (subd [f]) was not given retroactive effect.
It is the determination of this court that the enactment of such procedural remedy subsequent to the filing of the statement of readiness constitutes such unanticipated change of conditions within the meaning of section 675.7 of the Appellate Division, Second Department rules (22 NYCRR 675.7), as would warrant the court to permit the plaintiff to pursue such remedy.
Unless specifically excluded by the language of the enactment, all remedial statutes are deemed to apply to all pending actions. (Shielcrawt v Moffett, 294 NY 180; Muraco v Ferentino, 42 Misc 2d 104, 105; McKinney’s Cons Laws of NY, Book 1, Statutes, § 54.)
Accordingly, this motion is deneid upon condition that the defendant supply the information required by CPLR 3101 (subd [f]) and make a discovery and inspection of the defend *479 ant’s insurance policy within 20 days after service of a copy of this order with notice of entry upon their attorneys, at a convenient time and place to be agreed upon by the attorneys for the parties. (See Hernandez v Jones, NYLJ, Dec. 5, 1975, p 10, col 6.)