GEORGE TAUZA, Respondent, *v.* SUSQUEHANNA COAL COMPANY, Appellant.

Foreign corporations — service of process — when foreign corporation not transacting business in the state within the meaning of the statute (General Corporation Law, § 15) may nevertheless be amenable to the service of process — constitutional law — sections 1780 and 432 of the Code of Civil Procedure not unconstitutional so far as they confer jurisdiction over foreign corporations.

1. Unless a foreign corporation is engaged in business within the state it is not brought within the state by the presence of its agents. But there is no precise test of the nature or extent of the business that must be done.   All that is requisite is that enough be done to enable the court to say that the corporation is here, and when once it is here it may be served.   The jurisdiction does not fail because the cause of action sued upon has no relation in its origin to the business here transacted.

2. Activities in this state insufficient to make out the transaction of business within the meaning of section 15 of the General Corporation Law (Cons. Laws, ch. 23) and kindred statutes may yet be sufficient to bring a corporation within the state so as to render it amenable to process. (*International Text Book Co.* v. *Tone,* 220 N. Y. 313, cited.)

3. The defendant maintains an office in this state under the direction of a sales agent, with a number of salesmen, and with clerical assistants, and through these agencies systematically and regularly solicits and obtains orders which result in continuous shipments from Pennsylvania to New York. To do these things is to do business within this state in such a sense and in such a degree as to subject the corporation doing them to the jurisdiction of our courts, within the meaning of subdivision 4 of section 1780 of the Code of Civil Procedure, and the defendant's sales agent was a managing agent of defendant under subdivision 3 of section 432 of that Code. (*International Harvester Co.* v. *Kentucky,* 234 U. S. 579, followed.)

4. Sections 1780 and 432 of the Code of Civil Procedure are neither of them unconstitutional so far as they attempt to confer jurisdiction on the courts of the state of New York over foreign corporations which are doing business in this state within the meaning of the term "doing business" as used in subdivision 4 of section 1780 of the Code of Civil Procedure, and have not filed a designation pursuant to section 16 of the General Corporation Law, in cases where the causes of action did not arise within this state or out of any transaction carried on within this state by such foreign corporation.

*Tauza* v. *Susquehanna Coal Co.,* 174 App. Div 866, affirmed.

(Argued January 10, 1917; decided March 6, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 23, 1916, which affirmed an order of Special Term denying a motion to set aside the service of a summons.

The Appellate Division certified the following questions:

" 1. Was the defendant, at the time of the service of the summons herein, doing business within the state of New York within the meaning of section 1780, subdivision 4, of the Code of Civil Procedure ?

" 2. Has the plaintiff shown such diligence in attempt-

ing to serve one of the officers specified in section 432, subdivision 1, of the Code of Civil Procedure as to permit service to be made upon the managing agent of the defendant corporation?

"3. Were the duties of and the authority conferred upon Walter Peterson, the defendant's sales agent, such as to constitute him a managing agent of the defendant corporation within the meaning of subdivision 3, section 432 of the Code of Civil Procedure?

"4. Are sections 1780 and 432 of the Code of Civil Procedure, or either of them, unconstitutional so far as they attempt to confer jurisdiction on the courts of the state of New York over foreign corporations which are not doing business in this state within the meaning of the term 'doing business' as used in subdivision 4, section 1780 of the Code of Civil Procedure, and have not filed a designation pursuant to section 16 of the General Corporation Law in cases where the causes of action did not arise within the state or out of any transaction carried on within this state by such foreign corporation?

"5. Are sections 1780 and 432 of the Code of Civil Procedure, or either of them, unconstitutional so far as they attempt to confer jurisdiction on the courts of the state of New York over foreign corporations which are doing business in the state within the meaning of the term 'doing business' as used in subdivision 4, section 1780 of the Code of Civil Procedure, and have not filed a designation pursuant to section 16 of the General Corporation Law, in cases where the causes of action did not arise within this state or out of any transaction carried on within this state by such foreign corporation?"

*Franklin Nevius, Alfred C. Petté* and *William H. O'Brien* for appellant. The defendant at the time of the service of the summons herein was not "doing business" within the state of New York within the meaning of section 1780, subdivision 4, of the Code of Civil

Procedure. (*Hovey* v. *De Long Hook & Eye Co.*, 211 N. Y. 420; *Green* v. *C., B. & Q. Ry. Co.*, 205 U. S. 530; *I. T. B. Co.* v. *Pigg*, 217 U. S. 91; *Brown* v. *Maryland*, 12 Wheat. 419; *Matter of Minor*, 69 Fed. Rep. 233; *A. P. & S. Co.* v. *United States*, 175 U. S. 211; *Schollenberger* v. *Pennsylvania*, 171 U. S. 1; *Leisy* v. *Hardin*, 135 U. S. 100; *S. R. Co.* v. *Cope*, 235 U. S. 197; *People* v. *Hawkins*, 157 N. Y. 1.) The plaintiff has not shown due dilligence in attempting to serve one of the officers specified in section 432, subdivision 1, of the Code so as to permit service to be made upon the "managing agent" of the defendant corporation. (*Gursky* v. *Blair*, 218 N. Y. 41; *Vitolo* v. *Bee Publishing Co.*, 66 App. Div. 582; *Doherty* v. *Evening Journal Assn.*, 98 App. Div. 136; *Wilcox* v. *Philadelphia Casualty Co.*, 136 App. Div. 626; *Karosas* v. *Susquehanna Coal Co.*, 158 N. Y. Supp. 1021; *Carlton* v. *Carlton*, 85 N. Y. 313; *McCracken* v. *Flanagan*, 127 N. Y. 493; *Kennedy* v. *Lamb*, 182 N. Y. 228; *Romig* v. *Gillette*, 187 U. S. 111; *McDonald* v. *Cooper*, 32 Fed. Rep. 745; *McLoughlin* v. *McCann*, 123 App. Div. 67.) The duties of and the authority conferred upon the defendant's sales agent, were not such as to constitute him a "managing agent" of the defendant corporation within the meaning of subdivision 3 of section 432 of the Code. (*Taylor* v. *G. S. P. Assn.*, 136 N. Y. 343; *Beck* v. *N. P. & P. Co.*, 159 App. Div. 418; *Union Associated Press* v. *Times Star Co.*, 84 Fed. Rep. 419; *Cramer* v. *B. U. Furnace Co.*, 132 App. Div. 415; *Fontana* v. *Post P. & P. Co.*, 87 App. Div. 233; *Moore* v. *M. M. Life Ins. Co.*, 77 App. Div. 205; *Vitolo* v. *Bee Pub. Co.*, 66 App. Div. 582.) Sections 1780 and 432 are unconstitutional so far as they attempt to confer jurisdiction on the courts of this state over foreign corporations which are doing business in the state within the meaning of the term "doing business" as used in subdivision 4, section 1780, and have not filed a designation pursuant to section 16 of the General Corporation

Law, in cases where the cause of action did not arise within this state or out of any transaction carried on within this state by such foreign corporation. (*Bagdon v. P. & R. C. & I. Co.*, 217 N. Y. 432; *Old Wayne Mut. L. Assn.* v. *McDonough*, 204 U. S. 8; *Simon* v. *Southern Ry. Co.*, 236 U. S. 115; *Tackas* v. *P. & R. Ry. Co.*, 228 Fed. Rep. 728.)

*Frank J. Felbel, Charles Goldzier* and *Joseph Levy* for respondent. The motion was properly denied, since service of the summons cannot be set aside on the ground that the service violated the Constitution of the United States. (*Grant* v. *Green*, 59 Misc. Rep. 1.) The service of the summons herein is not in violation of the Constitution of the United States or any part thereof. (*N. & W. R. R. Co.* v. *C. & P. R. R. Co.*, 136 U. S. 394; *Blake* v. *McClung*, 172 U. S. 432; *Bagdon* v. *P. & R. C. & I. Co.*, 217 N. Y. 432; *W. V. Ry. Co.* v. *R. E. Trust Co.*, 238 U. S. 196; *Penn. L. M. F. Ins. Co.* v. *Meyer*, 197 U. S. 407; *St. L. S. W. Ry. Co.* v. *Alexander*, 227 U. S. 218; *Inter. Harvester Co.* v. *Kentucky*, 234 U. S. 577; *Herndon-Carter* v. *Norris, Son & Co.*, 224 U. S. 494.) The person served with process was the managing agent of the defendant. (*R. H. & L. R. R. Co.* v. *N. Y., L. E. & W. R. R. Co.*, 48 Hun, 190; *Belmont* v. *Penn. R. R. Co.*, 35 Hun, 369; 99 N. Y. 679; *Ives* v. *Met. Life Ins. Co.*, 78 Hun, 32; *Barrett* v. *American T. & T. Co.*, 138 N. Y. 491; *Tuchband* v. *C. & A. R. R. Co.*, 115 N. Y. 437; *Grant* v. *Cananea Copper Co.*, 189 N. Y. 241.) The provisions of section 432 of the Code of Civil Procedure were complied with. (*Pennsylvania Insurance Co.* v. *Meyer*, 197 U. S. 407; *Perrine* v. *Ransom Gas Machine Co.*, 60 App. Div. 32; *Belmont* v. *Cornen*, 82 N. Y. 256; *Sinnott* v. *Ennis*, 105 N. Y. Supp. 218.)

*Edgar T. Brackett, Louis N. Jaffer* and *Leonard F. Fish* for intervenors. The defendant was doing business

within the state of New York within the meaning of section 1780, subdivision 4, of the Code of Civil Procedure; and, moreover, the plaintiff is a resident of the state, and hence his right to sue is not subject to the limitation contained in subdivision 4; and the cause of action is presumed to have arisen within the state, and hence again not limited by the subdivision in question. (*Bagdon* v. *Coal & Iron Co.*, 217 N. Y. 432; *Tuchband* v. *R. R. Co.*, 115 N. Y. 437; *Bain* v. *Ins. Co.*, 9 How. Pr. 448.) The plaintiff has shown due diligence in attempting to serve one of the officers specified in section 432, subdivision 1, of the Code of Civil Procedure, and hence service upon the managing agent was justified. (*Gursky* v. *Blair*, 218 N. Y. 41; *Birly* v. *Smith*, 3 Hun, 60; *Van Rhode* v. *Van Rhode*, 2 N. Y. Sup. Ct. 491.) The duties and authority conferred upon Peterson were such as to constitute him a managing agent of the defendant corporation, within the meaning of subdivision 3, section 432 of the Code of Civil Procedure. (*Tuchband* v. *R. R. Co.*, 115 N. Y. 437; *Palmer* v. *Penn. Co.*, 35 Hun, 369; *Pope* v. *Terre Haute Co.*, 87 N. Y. 137; *Shackleton* v. *Wainwright Co.*, 7 N. Y. S. R. 872; *Bain* v. *Insurance Co.*, 9 How. Pr. 448; *Clews* v. *R. R. Co.*, 49 How. Pr. 117; *Jackson* v. *S. S. Mills*, 92 Misc. Rep. 442; *Brayton* v. *R. R. Co.*, 72 Hun, 602; *Barret* v. *Telephone Co.*, 138 N. Y. 491; *Ives* v. *Met. Ins. Co.*, 78 Hun, 32.) Sections 1780 and 432 of the Code of Civil Procedure are neither of them unconstitutional so far as they confer jurisdiction on the courts of this state over foreign corporations doing business here, whether or not any designation has been filed, and irrespective of where the cause of action arose. (*Bagdon* v. *Coal Co.*, 217 N. Y. 432; *Johnson* v. *Trade Ins. Co.*, 132 Mass. 432; *Reeves* v. *R. R. Co.*, 121 Ga. 561; *Eingarter* v. *Steel Co.*, 94 Wis. 70; *Nelson* v. *R. Co.*, 88 Va. 971; *Dennick* v. *R. Co.*, 103 U. S. 11; *St. Clair* v. *Cox*, 106 U. S. 350; *Barrow Co.* v. *Kane*, 170 U. S. 109; *Knight* v. *R. Co.*, 108 Penn. St. 250.)

1917.]                    Opinion, per CARDOZO, J.                    [220 N. Y.]

CARDOZO, J.   The plaintiff, a resident of this state, has brought suit against the Susquehanna Coal Company, a Pennsylvania corporation.   The defendant's principal office is in Philadelphia ; but it has a branch office in New York, which is in charge of one Peterson. Peterson's duties are described by the defendant as those of a sales agent.   He has eight salesmen under him, who are subject to his orders.   A suite of offices is maintained in the Equitable Building in the city of New York, and there the sales agent and his subordinates make their headquarters.   The sign on the door is "Susquehanna Coal Company, Walter Peterson, sales agent."   The offices contain eleven desks and other suitable equipment.   In addition to the salesmen there are other employees, presumably stenographers and clerks.   The salesmen meet daily and receive instructions from their superior.   All sales in New York are subject, however, to confirmation by the home office in Philadelphia.   The duty of Peterson and his subordinates is to procure orders which are not binding until approved.   All payments are made by customers to the treasurer in Philadelphia; the salesmen are without authority to receive or indorse checks.   A bank account in the name of the company is kept in New York, and is subject to Peterson's control, but the payments made from it are for the salaries of employees, and for petty cash disbursements incidental to the maintenance of the office.   The defendant's coal yards are in Pennsylvania, and from there its shipments are made.   They are made in response to orders transmitted from customers in New York.   They are made, not on isolated occasions, but as part of an established course of business.   In brief, the defendant maintains an office in this state under the direction of a sales agent, with eight salesmen, and with clerical assistants, and through these agencies systematically and regularly solicits and obtains orders which result in continuous shipments from Pennsylvania to New York.

To do these things is to do business within this state in such a sense and in such a degree as to subject the corporation doing them to the jurisdiction of our courts. The decision of the Supreme Court in *International Harvester Co.* v. *Kentucky* (234 U. S. 579) is precisely applicable. There sales agents in Kentucky solicited orders subject to approval of a general agent in the home state. They did this, not casually and occasionally, but systematically and regularly. Unlike the defendant's salesmen, they did not have an office to give to their activities a fixed and local habitation. The finding was that travelers negotiating sales were not to have any headquarters or place of business in that state, though they were permitted to reside there (234 U. S. at p. 584). Yet because their activities were systematic and regular, the corporation was held to have been brought within Kentucky, and, therefore, to be subject to the process of the Kentucky courts. "Here," said the court (p. 585), "was a continuous course of business in the solicitation of orders which were sent to another State and in response to which the machines of the Harvester Company were delivered within the State of Kentucky. This was a course of business, not a single transaction." That case goes farther than we need to go to sustain the service here. It distinguishes *Green* v. *Chicago, B. & Q. Ry. Co.* (205 U. S. 530) where an agent in Pennsylvania solicited orders for railroad tickets which were sold, delivered and used in Illinois. The orders did not result in a continuous course of shipments from Illinois to Pennsylvania. The activities of the ticket agent in Pennsylvania brought nothing into that state. In the case at bar, as in the *International Harvester* case, there has been a steady course of shipments from one state into the other. The business done in New York may be interstate business, but business it surely is.

The defendant refers to cases in which corporations, whose situation was not unlike the defendant's, have

been held not to be doing business in this state within the meaning of section 15 of the General Corporation Law and kindred statutes (*People ex rel. Tower Co.* v. *Wells,* 98 App. Div. 82; 182 N. Y. 553; *Hovey* v. *De Long H. & E. Co.,* 211 N. Y. 420; *Cummer Lumber Co.* v. *Assoc. Mfrs. M. F. Ins. Corp.,* 67 App. Div. 151; 173 N. Y. 633; *Penn Collieries Co.* v. *McKeever,* 183 N. Y. 98). But activities insufficient to make out the transaction of business, within the meaning of those statutes, may yet be sufficient to bring the corporation within the state so as to render it amenable to process (*Int. Text Book Co.* v. *Tone,* decided herewith [220 N. Y. 313]). In construing statutes which license foreign corporations to do business within our borders we are to avoid unlawful interference by the state with interstate commerce. The question in such cases is not merely whether the corporation is here, but whether its activities are so related to interstate commerce that it may, by a denial of a license, be prevented from being here (*International Text Book Co.* v. *Pigg,* 217 U. S. 91). " A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score " (*U. S.* v. *Jin Fuey Moy,* 241 U. S. 394, 401; *Hovey* v. *De Long H. & E. Co., supra,* at p. 429). But the problem which now faces us is a different one. It is not a problem of statutory construction. It is one of jurisdiction, of private international law (Dicey Conflict of Laws, pp. 38, 155). We are to say, not whether the business is such that the corporation may be prevented from being here, but whether its business is such that it *is* here. If in fact it is here, if it is here, not occasionally or casually, but with a fair measure of permanence and continuity, then, whether its business is interstate or local, it is within the jurisdiction of our courts (*International Harvester Co.* v. *Kentucky, supra,* at p. 587). To hold that a state cannot burden interstate commerce, or pass laws which regulate it, " is a long way from holding that the ordinary process of the courts may

not reach corporations carrying on business within the state which is wholly of an interstate commerce character" (234 U. S. at p. 588). The nature and extent of business contemplated by licensing statutes is one thing. The nature and extent of business requisite to satisfy the rules of private international law may be quite another thing. In saying this we concede the binding force of the decision of the Supreme Court in *Riverside & Dan River Cotton Mills* v. *Menefee* (237 U. S. 189) and kindred cases (*Bagdon* v. *Philadelphia & Reading C. & I. Co.*, 217 N. Y. 432, 438; *Pomeroy* v. *Hocking Valley Ry. Co.*, 218 N. Y. 530). Unless a foreign corporation is engaged in business within the state, it is not brought within the state by the presence of its agents. But there is no precise test of the nature or extent of the business that must be done. All that is requisite is that enough be done to enable us to say that the corporation is here (*St. Louis S. W. Ry. Co. of Texas* v. *Alexander*, 227 U. S. 218; *Washington-Virginia Ry. Co.* v. *Real Estate Trust Co. of Phila.*, 238 U. S. 185; *Int. Harvester Co.* v. *Ky., supra ; Pomeroy* v. *Hocking Valley Ry. Co., supra*). If it is here it may be served (Halsbury, L. C., in *La Compagnie Générale Transatlantique* v. *Law*, L. R. [1899 A. C.] 431).

We hold, then, that the defendant corporation is engaged in business within this state. We hold further that the jurisdiction does not fail because the cause of action sued upon has no relation in its origin to the business here transacted. That in principle was our ruling in *Bagdon* v. *Phila. & Reading C. & I. Co.* (217 N. Y. 432, 438). We applied it there to a case where service had been made on an agent designated by the corporation under section 16 of the General Corporation Law (Consol. Laws, ch. 23). It applies, however, with equal force to a case where service has been made upon an officer or managing agent (*Barrow S. S. Co.* v. *Kane*, 170 U. S. 100; *Bagdon* v. *Phila. & Reading C. & I. Co. supra*). The essential thing is that the cor-

poration shall have come into the state. When once it is here, it may be served; and the validity of the service is independent of the origin of the cause of action. To the authorities cited in the *Bagdon* case we may add *Logan* v. *Bank of Scotland* (L. R. [1904, 2 K. B.] 495, 499), which states the rule in England, and *Rishmiller* v. *Denver & Rio Grande R. Co.* (159 N. W. Rep. [Minn.] 272), which follows the *Bagdon* case and collates the decisions. (See also: *Mooney* v. *Buford & George M. Co.*, 72 Fed. Rep. 32; *Denver & R. G. Co.* v. *Roller*, 100 Fed. Rep. 738; *Smith* v.' *Empire State-Idaho, M. & D. Co.*, 127 Fed. Rep. 462). It is not necessary to show that express authority to accept service was given to the defendant's agent. His appointment to act as agent within the state carried with it implied authority to exercise the powers which under our laws attach to his position (*Lafayette Ins. Co.* v. *French*, 18 How. [U. S.] 404, 407, 408; *Conn. Mut. L. Ins. Co.* v. *Spratley*, 172 U. S. 602, 611, 613, 615; *Commercial Mut. Acc. Co.* v. *Davis*, 213 U. S. 245, 255). When a foreign corporation comes into this state, the legislature, by virtue of its control over the law of remedies, may define the agents of the corporation on whom process may be served (*Lafayette Ins. Co.* v. *French, supra*). If the persons named are true agents, and if their positions are such as to lead to a just presumption that notice to them will be notice to the principal, the corporation must submit (*Conn. Mut. L. Ins. Co.* v. *Spratley, supra; Commercial Mut. Acc. Co.* v. *Davis, supra*). *Old Wayne Mut. Life Assn.* v. *McDonough* (204 U. S. 8) and *Simon* v. *Southern Ry. Co.* (236 U. S. 115) are not to the contrary. They were fully considered in *Bagdon* v. *Phila. & Reading C. & I. Co.* (*supra*). In those cases, the corporations had no agent within the state. The attempt was made to hold them by service on a public officer, whom the statute required them to designate as their agent, but whom they had refused or failed to designate. In the case before us, we have to deal with

a very different situation. The corporation is here; it is here in the person of an agent of its own selection; and service upon him is service upon his principal.

The other questions certified to us by the Appellate Division may be quickly disposed of. We think the evidence sustains the conclusion that Peterson was a managing agent within the meaning of section 432, subdivision 3, of the Code of Civil Procedure (*Rochester, H. & L. R. R. Co.* v. *N. Y., L. E. & W. R. R. Co.*, 48 Hun, 190, 192; *Palmer* v. *Penn. Co.*, 35 Hun, 369; 99 N. Y. 679; *Ives* v. *Met. Life Ins. Co.*, 78 Hun, 32; *Barrett* v. *Am. T. & T. Co.*, 138 N. Y. 491; *Tuchband* v. *Chicago & Alton R. R. Co.*, 115 N. Y. 437, 440). We think, also, that the plaintiff has shown due diligence in the effort to make service on some superior officer.

The order should be affirmed with costs; the first, second and third questions should be answered in the affirmative, and the fifth question in the negative; and it is unnecessary to answer the fourth question.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and POUND, JJ., concur.

Order affirmed.