THOMAS H. HALL and JOSEPH H. DWYER, Doing Business under the Firm Name and Style of H. S. HALL & Co., Appellants, *v.* WEIL-KALTER MANUFACTURING COMPANY, Respondent.

First Department, January 13, 1922.

Corporations — foreign corporations — summons may be served on foreign corporation maintaining office in this State by delivery to its sole representative in this State although he is merely sales agent.

Service of a summons upon an agent of a foreign corporation in this State is sufficient to give the Supreme Court jurisdiction, where the corporation maintains a sales office in New York city, has its name on the door of the office, on the bulletin board of the main hall of the building and in the telephone directory, and has letterheads which have upon them, " New York office, 200 Fifth Avenue, Room 517, Phone Gramercy 5734; " and it appears that the agent served was the sole representative of the corporation in this State, and that, although he testified that he was not an officer, director or managing agent of the corporation nor authorized to accept service on its behalf, he took orders and sent them to St. Louis for acceptance or rejection.

APPEAL by the plaintiffs, Thomas H. Hall and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of October, 1921, confirming the report of a referee appointed to take proofs and report and granting plaintiffs' motion to set aside the service of the summons herein.

*Bullowa & Bullowa* [*Emilie M. Bullowa* of counsel], for the appellants.

*Arthur W. Weil,* for the respondent.

PAGE, J.:

When this motion first came on to be heard at Special Term, a referee was appointed to take proof and report. The facts established by the evidence are as follows:

The defendant is a foreign corporation, having its principal place of business in St. Louis, Mo. It maintains a sales office at No. 200 Fifth avenue in the city of New York. The lease of said office is in its name. The name of the corporation is on the door and on the bulletin board in the main hall, and its name is carried in the telephone book showing that it has a telephone in these premises. Samples of the defendant's goods are displayed in this room. The letterheads of the defendant have upon them: "New York office, 200 Fifth Avenue, Room 517, Phone Gramercy 5734." James H. Mason is the sole person in charge of this room. He is the sales agent of the defendant and is paid a commission on sales made. He takes orders and transmits them to St. Louis where they are accepted or rejected. The goods are shipped and billed from, and remittance made to St. Louis.

Mason was served with process in the defendant's New York office. He testified that he was the only person in charge of that office, but that he was not an officer, director or managing agent of the defendant nor authorized to accept service of process on its behalf.

The service upon him was sufficient to give the court jurisdiction of the defendant. The Court of Appeals in *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 259, 269) said: " It is not necessary to show that express authority to accept

service was given to the defendant's agent. His appointment to act as agent within the State carried with it implied authority to exercise the powers which under our laws attach to his position [citations]. When a foreign corporation comes into this State, the Legislature, by virtue of its control over the law of remedies, may define the agents of the corporation on whom process may be served  *  *  *. If the persons named are true agents, and if their positions are such as to lead to a just presumption that notice to them will be notice to the principal, the corporation must submit." Clearly, Mason was such an agent. He was the sole representative in this State of the corporation and had entire charge of its sales office here, and it was through him that its business was transacted within the State.

That the contracts of sale had to be approved in St. Louis and remittance therefor made directly by the customer to the St. Louis office is immaterial. (*Bersin* v. *Boath, Junr., & Co., Ltd.*, 198 App. Div. 344; *Tauza* v. *Susquehanna Coal Co., supra; International Harvester Co.* v. *Kentucky*, 234 U. S. 579.)

The order should be reversed, with ten dollars costs, and motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.