RAY D. LILLIBRIDGE, INCORPORATED, Respondent, *v.* JOHNSON BRONZE COMPANY, Appellant.

First Department, May 20, 1927.

Corporations — foreign corporations — motion to set aside service of summons and complaint upon alleged managing agent — person served as managing agent was sales agent merely, working for commissions — corporation was not doing business in this State at time service was made — service was not valid.

The defendant, a foreign corporation, was not doing business in this State at the time of the service of a summons and complaint upon its alleged managing agent nor was said agent the managing agent of the defendant in this State at that time. The facts show that the agent was engaged by the defendant to work on a commission basis, that he had no power to make collections, that all orders obtained by him were sent to the defendant at its home office for approval, and that while he maintained an office in this State, it was his individual office, the rent of which he paid himself.

The mere fact that the agent placed the defendant's name in the telephone directory and upon the door of his office, followed by his own name as manager, does not bind the defendant, for an agent cannot prove his agency or authority by his own declarations.

DOWLING, P. J., and MERRELL, J., dissent, with opinion.

APPEAL by the defendant, Johnson Bronze Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of March, 1927, denying its motion to set aside the service of a summons and complaint.

*Hiram C. Todd* of counsel [*Baldwin, Hutchins & Todd,* attorneys], for the appellant, appearing specially.

*John Knight Holbrook, Jr.,* of counsel [*Gilbert H. Montague,* attorney], for the respondent.

FINCH, J. The question here presented is the familiar one as to whether the defendant, a foreign corporation, can be said to be doing business in this State so as to be subject, in an action by

another foreign corporation, to the service of process by service upon an al eged managing agent. (See Civ. Prac. Act, § 229, subd. 3; Gen. Corp. Law, § 47, subd. 4, as added by Laws of 1920, chap. 916.) Service was made upon one Edward Laterman, who is alleged to be a managing agent of the defendant. The facts show that Laterman was engaged in·business soliciting orders for the products of several companies, including that of the defendant. He was under no contract with the defendant. He maintained and paid the rent and expenses of his own office. His only compensation from the defendant was the commissions received by him on such orders as were obtained and sent by him out of the State, where they were accepted by the defendant. He made no collections, and it is not shown that he had any authority to represent, or act for, the defendant. Upon his own authority Laterman inserted the name of the defendant in the telephone book and placed the defendant's name upon the door of his office, followed by " Edward Laterman, Manager." Apparently all this was done to facilitate his efforts to obtain orders. Whatever Laterman may have stated with reference to his position or authority does net establish it, since an agent cannot prove his agency or authority by his own declarations. As was said by HATCH, J., in *Vitolo* v. *Bee Publishing Co.* (66 App. Div. 582, 585): " It is settled by authority that the declarations of the person claimed to be the managing agent are not sufficient to establish such fact, and that proof which shows only that the claimed managing agent is a representative of the defendant for some purpose, is not sufficient upon which to predicate the fact that he is a managing agent within the meaning of the section of the Code authorizing service to be made upon him. (*Coler* v. *Pittsburgh Bridge Company*, 146 N. Y. 281.) "

Any orders which Laterman obtained were submitted to the defendant at its main office in New Castle, Penn., and the defendant thereafter dealt directly with the customer from New Castle, Penn. Deliveries on any orders accepted at New Castle were made directly from that point, the customers were billed from that point and payments received there. The foregoing facts in themselves do not show any agency in Laterman to act for the defendant. Laterman was rather acting as an independent contractor would act, who received pay for obtaining a definite result, and over whom in the obtaining of the same the defendant had no control.

In reaching a conclusion as to whether the defendant was doing business within this State, we must turn to the Federal authorities, since these are binding upon us as the question involves the due process clause of the Federal Constitution. (See U. S. Const. 14th Amendt. § 1.) In *Day & Co.* v. *Schiff, Lang & Co.* (278

Fed. 533, 535) HOUGH, J., said: " When a motion was made in the State court to set aside this service the judge then presiding in the motion part sent the matter to the official referee to ascertain whether the facts brought the matter within *Tauza* v. *Susquehanna, etc., Co.*, 220 N. Y. 259,   *   *   *   and the learned referee has briefly said that he thinks that case applies.   The *Tauza* case is not the last word from the Court of Appeals of New York.   The process of receding from the doctrine of *Pope* v. *Terre Haute Car Co.* [87 N. Y. 137] is still going on; but it is not necessary, nor is it permitted, for me to speculate on the question as to whether this service was good under the latest State decisions.   The last word from the Supreme Court of the United States is *Chipman* v. *Jeffery Co.*, 251 U. S. 373,   *   *   *.   That was a removed case from this district and (251 U. S. at page 379,   *   *   *) the Supreme Court said: ' We do not wish to be understood that the validity of [the] service would not be of Federal cognizance whatever the decision of a State court.'

" In other words, the rules for good or bad service of the summons in even a removed case is something to be passed on in accordance with the decisions of the United States courts and not those of the State wherein the service is made."

So, also, Chief Judge HISCOCK, in *Dollar Co.* v. *Canadian C. & F. Co.* (220 N. Y. 270), writing for the court, said: " This court, as was its duty in respect of such a question, yielded to the views of the Supreme Court.   (*Bagdon* v. *Phil. & Reading C. & I. Co.*, 217 N. Y. 432.)   Thus a constitutional interpretation has been established different than that which was entertained by the court when the *Pope* case was decided.   The language of section 432* remains precisely as it was then and the rule governing our interpretation of it remains unchanged, and it seems to us that we are now bound to give to its language an interpretation which is in accordance with and not in defiance of the Constitution, even though such interpretation is different than the one which was given under a former and, as it must now be assumed, mistaken idea of the law. The obligation to construe the statute in accordance with the Constitution remains constant, and if the definition of the requirements of the Constitution in respect of this question has been changed, it seems inevitably to follow that we must place upon the statute a construction which will be so modified as to be in accordance with the later view."

Applying, then, to the aforesaid facts of the case at bar, the rules prescribed by the Federal courts as determinative of when a foreign

---

*See Code Civ. Proc. § 432; now Civ. Prac. Act, § 229.— [REP.

corporation is doing business within a State, we find that the defendant was not doing business herein. At the most this record shows only a solicitation of orders on behalf of the defendant. In *Green* v. *Chicago, Burlington & Quincy Railway Co.* (205 U. S. 530) Mr. Justice MOODY, writing for the court, said: " The business shown in this case was in substance nothing more than that of solicitation. Without undertaking to formulate any general rule defining what transactions will constitute ' doing business ' in the sense that liability to service is incurred, we think that this is not enough to bring the defendant within the district so that process can be served upon it."

A distinction has been made in cases where, in addition to a continuous course of business in the solicitation of orders through agents of the defendants within the State, resulting in a continuous shipment of commodities into the State, there also was authority in the defendants' agents to receive payment in money, check or draft and to take notes payable at banks in the State. (*International Harvester Co.* v. *Kentucky*, 234 U. S. 579; followed by *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259.) In the case at bar none of these additional elements are present, and hence the general rule above referred to is applicable, namely, that mere solicitation of orders is insufficient to constitute " doing business."

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the defendant's motion to vacate the service granted, with ten dollars costs.

McAVOY and PROSKAUER, JJ., concur; DOWLING, P. J., and MERRELL, J., dissent.

MERRELL, J. (dissenting). Plaintiff is a foreign corporation, duly organized and existing under the laws of the State of Delaware. The defendant is a foreign corporation, duly organized and existing under the laws of the State of Pennsylvania. The defendant's principal office and factory are in the State of Pennsylvania. It is conceded that the defendant was transacting business in the State of New York at the time of the attempted service of process upon it. It had none of the officers within the State of New York upon whom service of the summons could be made, and no person was designated for that purpose, as provided by section 16 of the General Corporation Law (now Stock Corp. Law, § 111, as amd. by Laws of 1924, chap. 308). Service of the summons and complaint herein was made on February 25, 1927, upon Edward Laterman, claimed by plaintiff to be the managing agent of the defendant in connection with its business in the State of New York. The only question presented upon this appeal is whether Laterman was, in fact, the

managing agent of the defendant within the provisions of subdivision 3 of section 229 of the Civil Practice Act. Service of the summons and complaint herein was personally made upon Laterman on February 25, 1927, at 30 Church street, in the borough of Manhattan, city of New York, as appears by the affidavit of one of the attorneys for said defendant. It is the claim, however, that Laterman was not, in fact, a managing agent of the defendant at the time of such service.

Laterman, in his affidavit in support of the motion to set aside said service, states that he is a manufacturers' selling agent dealing in the products of several companies, among which is the defendant, and that he maintains an office at 30 Church street in the city of New York, and pays the entire expense of maintaining said office. Laterman states in his affidavit that he is a selling agent for said defendant, and that at the request of the defendant he calls on prospects and solicits orders; that he has never had authority from the defendant to quote prices or close contracts, but that the offers so solicited by him are sent to the defendant's office at New Castle, Penn., for defendant's consideration, and that said offers are dealt with exclusively by said defendant in New Castle, prices being quoted direct to the purchaser, and contracts being closed by said company in Pennsylvania, and that he, Laterman, has nothing whatever to do with the transactions after the inquiry has been received, except to follow up the matter if it is not closed upon the quotation sent by the company to the purchaser. Laterman states in his affidavit that he received a commission on orders which are closed in Pennsylvania coming from his sales territory; that he received no compensation, other than the commission above referred to, from the defendant. He states in his affidavit that from his personal resources he pays the rental of his office at 30 Church street, and for the maintenance thereof, including telephone, salaries of assistants, etc.; that he handles no money or checks, notes or other evidences of indebtedness to or for the defendant, and makes no collections for the defendant; that he is not authorized to bill any orders for said company or incur any obligation in the name of the defendant, nor is he authorized to list the name of the defendant on the door of his office or in the telephone or city directory. Laterman denies categorically that he is or ever was the managing agent of the defendant, or is an officer, director or cashier thereof, nor does he perform the corresponding functions of said offices under another title.

The affidavit of the president and general manager of the defendant was offered in support of the motion, and therein it is stated

37

that the defendant corporation is engaged in the manufacture of various articles composed of bronze and brass, and that the sales of said articles in certain sections of the eastern seaboard are made through a certain selling agent, Edward Laterman; that Laterman is authorized by defendant to call upon certain of its customers and solicit orders; that the usual practice is to advise Laterman to call on various concerns which might be in the market for certain of the defendant's products; that Laterman then calls on said prospects and solicits business, forwarding inquiries with reference to products of the defendant to the defendant for its consideration; that said Laterman has no authority to quote prices or close contracts in behalf of the defendant, and that quotations and details incident to the actual sale and the closing of contracts are all handled by the defendant at New Castle, Penn. In the affidavit of the defendant's president it is stated that Laterman is not under contract with the defendant, but this statement is followed by the statement that Laterman's compensation is determined on a commission basis from orders which are actually shipped to customers in said Laterman's territory. It is very clear that there is some contractual relation between the defendant and Laterman. It is further stated in the affidavit of defendant's president that Laterman handles none of the defendant's money and makes no collections, and that he has no authority to accept any orders from customers for the defendant.

The affidavit of the managing attorney in the office of plaintiff's attorney states the efforts to obtain service upon some officer designated by the defendant to accept service in the State, and as to information received from the Secretary of State that there is no record of any foreign corporation of the defendant's name in the Secretary of State's office. The attorney representing the attorney for the plaintiff further states in his affidavit that he had a telephone conversation with Laterman on February 25, 1927, and that Laterman stated to him that he was the representative of the defendant in the State of New York, and that he was in charge of all the business that the defendant did in this State, and that he knew of no other representative of the defendant in this State, except that a person whose name or address he did not know handled certain export business, and that he, Laterman, received checks from the defendant in payment of his commissions on sales which he makes in the State of New York.

Another affidavit of an employee in the office of the plaintiff's attorney states that the affiant called at the office of the county clerk of New York county and inquired of the deputy in charge of the records of corporations as to whether any certificate or docu-

ment was filed in that office by defendant, and was informed that nothing was on file concerning said defendant; that prior thereto the affiant inspected a letterhead employed by the defendant, a copy of which is annexed to the affidavit, marked Exhibit A, and that from said letterhead it appeared that the defendant maintained a district sales office in New York; that the affiant then inspected the directory of subscribers in Manhattan and The Bronx issued by the New York Telephone Company and found listed therein the defendant, as follows: "Johnson Bronze Co., 30 Church — Cortland 6656;" that the affiant also inspected the listing of corporations in "Trow's New York Copartnership and Corporation Directory," published for the boroughs of Manhattan and The Bronx in 1926 by R. L. Polk & Co., Inc., and found listed therein the following: "Johnson Bronze Co. (New Castle, Pa.) Edw. Laterman, Agt., 30 Church, R 440." The affiant further states that he went to the building at 30 Church street and spoke to the information clerk therein, and the latter informed him that the defendant, located on the fourth floor, room 440, had been in the building for at least four or five years; that he then went to the room 440 on the fourth floor and on the door of said room appeared the following: "Johnson Bronze Co., Edward Laterman, Manager;" that upon entering said office he was informed by the woman in charge that Mr. Laterman was not in, and upon inquiry said woman informed affiant that Laterman was the agent for the Johnson Bronze Company. The affiant further states that on February 25, 1927, he again went to 30 Church street and called at room 440 on the fourth floor, upon the door of which appeared the following: "Johnson Bronze Co., Edward Laterman, Manager;" that he entered said office and spoke to a person in said office who stated that he was Edward Laterman; that affiant inquired of him if he was the managing agent of the Johnson Bronze Company, and the man stated that he was, and that he received orders for the defendant and transmitted them to the defendant, and was paid on a commission basis; that at the time deponent delivered to Laterman a copy of the summons and complaint herein. The affiant further states that on March 16, 1927, at the office of the New York Telephone Company, at 140 West street, New York city, he inspected all directories issued by the company of subscribers in the borough of Manhattan for the past five years, and found that in each of them there appeared listed the following: "Johnson Bronze Co., 30 Church — Cortland 6656;" that at the office of said telephone company at 15 Dey street, New York city, deponent inspected directories of subscribers issued by the telephone companies in Chicago, Detroit and Cleveland, being the other cities mentioned on the letterhead of the Johnson

Bronze Company attached to said affidavit in which are located "District Sales Offices," and found that in each of those directories there is listed the name of the defendant herein, Johnson Bronze Company. The letterhead, Exhibit A, attached to the affidavit, is the letterhead of the defendant, and thereon it is stated that the works and general office of the defendant are at New Castle, Penn., and that it has district sales offices at Chicago, Detroit, Cleveland and New York.

It seems to me, under the affidavits, not alone of the plaintiff, but of the defendant's president, and of its agent Laterman, it is entirely clear that at the time of the service of process upon Laterman, the defendant was doing business in the State of New York, and that Laterman was a managing agent of the defendant corporation within this State, upon whom service of process might be made pursuant to subdivision 3 of section 229 of the Civil Practice Act. It appears from Laterman's own affidavit that he was a managing agent, although there is a disclaimer as to his having any authority to close contracts, make actual sales or collect therefor. It appears from the affidavits that he was a selling agent for the defendant, and it seems to me, under the decisions it makes no difference whether or not he was authorized to close actual sales or make contracts for the sale of the defendant's goods with customers in New York. The fact that Laterman paid the expenses of his office, telephone, etc., from commissions he received seems to me of little importance. The fact remains that he did receive from the defendant commissions for his services in procuring customers for the defendant's goods. Laterman was in charge of all of the defendant's business in the State of New York and had no superior over him. Whatever business the defendant did here was under his supervision and charge. In *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 259) the Court of Appeals stated: " The essential thing is that the corporation shall have come into the State. When once it is here, it may be served; and the validity of the service is independent of the origin of the cause of action. * * * It is not necessary to show that express authority to accept service was given to the defendant's agent. His appointment to act as agent within the State carried with it implied authority to exercise the powers which under our laws attach to his position [Citing cases]. When a foreign corporation comes into this State, the Legislature, by virtue of its control over the law of remedies, may define the agents of the corporation on whom process may be served [Citing cases]. If the persons named are true agents, and *if their positions are such as to lead to a just presumption that notice to them will be notice to the principal*, the corporation must submit [Citing

cases]. * * * The corporation is here; it is here in the person of an agent of its own selection; and service upon him is service upon his principal." (Italics are the writer's.)

In *Hall* v. *Weil-Kalter Mfg. Co.* (199 App. Div. 592) substantially the same facts with reference to the agent served obtained as in the case at bar. In that case this court said: " The defendant is a foreign corporation, having its principal place of business in St. Louis, Mo. It maintains a sales office at No. 200 Fifth avenue in the city of New York. The lease of said office is in its name. The name of the corporation is on the door and on the bulletin board in the main hall, and its name is carried in the telephone book showing that it has a telephone in these premises. Samples of the defendant's goods are displayed in this room. The letterheads of the defendant have upon them: ' New York office, 200 Fifth Avenue, Room 517, Phone Gramercy 5734.' James H. Mason is the sole person in charge of this room. He is the *sales agent of the defendant and is paid a commission on sales made. He takes orders and transmits them to St. Louis where they are accepted or rejected.* The goods are shipped and billed from, and remittance made to St. Louis.

" Mason was served with process in the defendant's New York office. He testified that he was the only person in charge of that office, but that he was not an officer, director or managing agent of the defendant nor authorized to accept service of process on its behalf.

" The service upon him was sufficient to give the court jurisdiction of the defendant." (Italics are the writer's.)

Following this statement this court quoted from the opinion in *Tauza* v. *Susquehanna Coal Co. (supra),* and thereafter concluded as follows: " Clearly, Mason was such an agent. He was the sole representative in this State of the corporation and had entire charge of its sales office here, and it was through him that its business was transacted within the State. *That the contracts of sale had to be approved in St. Louis and remittance therefor made directly by the customer to the St. Louis office is immaterial."* (Citing cases.) (Italics are the writer's.) To the same effect is *Tuchband* v. *C. & A. R. R. Co.* (115 N. Y. 437, 440); also *Cochran Box & Mfg. Co., Inc.,* v. *Monroe Binder B. Co.* (232 id. 503) where the Appellate Division, Fourth Department, was affirmed by the Court of Appeals. Discussing the capacity of the alleged managing agent in *Cochran Box & Mfg. Co., Inc.,* v. *Monroe Binder B. Co.* (197 App. Div. 221), the Appellate Division, Fourth Department, said: " Hutchinson's employment was to solicit business for defendant and send any orders to the home office for approval. He had no power to extend credit, to collect or disburse money or to

employ or discharge agents and had no charge or control of other soliciting agents. The defendant had no bank account in this State and owned no property here except, perhaps, the desk in its New York office."

Clearly, under all of the decisions, Laterman was a managing agent for the defendant in the State of New York, and as such was properly served with process herein. Laterman occupied a position and relation to the defendant such as to lead to a just presumption that notice to him would be notice to the defendant within the rule laid down in *Tauza* v. *Susquehanna Coal Co.* (*supra*)

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.