——————— WEBSTER, Plaintiff, *v.* ——————— DOANE, Defendant.

Supreme Court, New York County, March 20, 1930.

*Murphy & Fultz*, for the plaintiff.

*Joseph L. Frieder*, for the defendant.

McCOOK, J. The only issue before the court is whether service of the execution in New York upon one Hunziker as an officer of the Associated Rayon Corporation, a foreign corporation, was valid, and, therefore, whether that corporation was doing business within the State of New York. The question is not whether the Associated Rayon Corporation was doing business in this State within the meaning of section 210 of the General Corporation Law of 1929 (formerly

section 15 of the General Corporation Law) and kindred statutes relating to authority, etc., of foreign corporations. (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259, at p. 267.) Activities insufficient to make out the transaction of business under such statutes may nevertheless be sufficient to make the corporation amenable to service within the State. (*Tauza* v. *Susquehanna Coal Co.*, *supra*, and *International Text Book Co.* v. *Tone*, 220 N. Y. 313.) The Associated Rayon Corporation is a holding company, owning stock in two subsidiaries having offices in the State of New York, which raises money by the sale of the stock, purchases stock in the subsidiary companies from which it receives dividends, and pays its employees. The stock was issued by its registrar, a bank on Wall street, New York city, which effects stock transfers and has its own employees act as officers of the Associated Rayon Corporation for the purpose of signing certificates. The officers of the subsidiaries who are in the United States are located in New York city. I conclude that the issue of the stock of the subsidiaries to the Associated Rayon Corporation took place in New York and that the dividends are paid by them to it in New York also. The individual served is the assistant secretary of the foreign corporation, permanently and continually located in the city of New York, and there he signs at reasonable intervals papers relating to its business. It is to be inferred that he is kept here to look out for its interests in the subsidiary companies, systematically and regularly. The court holds that under the authorities cited the papers show a sufficient transaction of business within the State of New York to render the service in question valid.

Motion to vacate order and execution denied.