## WINSLOW v. DOMESTIC ENGINEERING CO. et al.

District Court, S. D. New York.
March 31, 1936.

W. Morton Carden, of New York City, for plaintiff.

Abel I. Smith, of New York City, for defendant.

HULBERT, District Judge.

Defendant moves to vacate service of the summons and to dismiss the complaint.

The action was brought in the New York Supreme Court, County of New York, where the plaintiff resides, against an Illinois corporation engaged in the publication and distribution of trade magazines, a catalogue directory, and other publications of interest to the plumbing, heating, and air-conditioning industries, having its principal office at 1900 Prairie avenue, Chicago.

Two questions are presented: (1) Was the defendant within the jurisdiction of this court at the time service is alleged to have been made? (2) Was process duly served upon an authorized agent?

Upon the letterhead of the defendant is printed:

"Eastern Office
110 East 42nd Street
New York City"

(This is the Bowery Savings Bank Building.)

At that address the defendant occupies three rooms under a written lease signed by the defendant, and, in addition to one R. V. Sawhill, upon whom the summons and complaint were served, employs two other salesmen and a stenographer.

The New York City telephone directory lists:

"Domestic Engineering Publications"
"Domestic Engineering (A pub)"
"Plumbing & Heating Catalog (A pub)"
"Automatic Heat & Air Conditioning (A pub)"
"Outfitter, The (A pub)."

All at the address 110 East Forty-Second street, telephone number, Ashland 4—8111.

The building directory in the lobby of the premises 110 East Forty-Second Street carries the names:

"Automatic Heat & Air Conditioning
"Carr, H. J. (one of the salesmen)
"Domestic Engineering Publications
"Plumbing & Heating Catalog
"Sawhill, R. V."

The lettering on the office door of room 819, at said address reads:

"Domestic Engineering Publications
"Domestic Engineering
"Automatic Heat and Air Conditioning
"Plumbing and Heating Catalog."

It is contended by the defendant that it does no business in New York State and performs no services of any kind except the solicitation of orders for advertising and, occasionally, for subscriptions to

various magazines; that neither Sawhill nor any other salesman employed at or operating out of the New York branch office has any authority or power to execute contracts on behalf of the defendant; to fix prices of advertisements or subscriptions or to incur any liability of any nature, but that all contracts are forwarded to the home office in Chicago where they are either approved or rejected, and all advertisers are notified from Chicago thereof and that all work in connection with the manufacture, printing, and distributing of the company's magazines and other publications is done in and from Chicago, from whence are also made payments for rent, salary, commissions, and/or wages of all persons for the account of the New York office.

The plaintiff is a stockholder of the defendant, claiming to own 5,790 shares of its capital stock, or 44 per cent, and from 1913 until February 25, 1935, was a director, and until December 31, 1934, vice president of the defendant in charge of the said office in New York City, when he was succeeded by R. V. Sawhill, whom the defendant corporation, during September, 1935, furnished with business cards whereon was printed "R. V. Sawhill, Executive Vice President." That Sawhill has regularly and customarily utilized these cards in soliciting business for the defendant corporation. That on page 4 of the January, 1936, issue of "Domestic Engineering," among other things, there is printed the following: "R. V. Sawhill, Executive Vice President at New York" and that an identical notice appears in the January, 1936, issue of "Automatic Heat and Air Conditioning," both of which are publications of the defendant. That notices identical with the above quoted were printed in the February and March, 1936, issues, as well as in the October, November, and December, 1935, issues of said magazines.

It is stated in the affidavit of Orrie T. Carson, president of the defendant, *verified March 10, 1936,* that "R. V. Sawhill, the sales representative in New York, upon whom the summons and complaint in this action was served, *is not* an officer of Domestic Engineering Company." (Italics supplied.)

This statement may be true. However, Mr. Carson does not specifically deny that Sawhill *was* vice president on January 6, 1936, nor does he attempt to explain why the aforesaid statement that Mr. Sawhill held such office was made in the several publications above referred to, and I am therefore persuaded that the defendant held Mr. Sawhill out as such.

Mr. Winslow further sets forth that the defendant corporation derives income from the two publications, Domestic Engineering and Domestic Heating and Air Conditioning, by selling advertising space therein, subscriptions therefor, and from the sale of both current and back issues of these magazines, and that before, on and after January 6, 1936, it was the custom of the New York office to receive each month from 25 to 50 copies of said magazines for the purpose of selling same for cash to purchasers who came to the New York office, and that, in addition thereto, back issues of these magazines were kept regularly at this office and were sold for cash and the sums received therefor were not remitted to the home office in Chicago. The affidavit of Mr. Winslow further shows that both of the magazines above referred to carried two kinds of advertising, to wit, general advertising and classified advertising. The latter consisted of the printed statements of tradesmen seeking employment in the trades served by these magazines, or the position of manufacturers' agent, or of manufacturers seeking agents or salesmen in these trades, and that many of these classified advertisements had not been prepared as to copy when such advertisers came to the New York office and that an employee of the defendant corporation in the New York office aided in such preparation, particularly those who did not know how to prepare the same. Both of these magazines regularly carried an advertisement or notice, to wit:

"Classified Advertising. One Inch $4.00

"Cash must accompany order * * *" and that it was the regular and customary practice at the New York office to accept the cash charge for these classified advertisements and give receipt therefor, and that such sums, together with the proceeds derived from the sale of technical books, annual catalogues, as well as magazines sold at the New York office, were not remitted to the home office in Chicago but were retained and utilized for current expenses of the New York office.

It was held in International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 947, 58 L.Ed. 1479, that each case must depend upon its own facts to show the essential requirement of doing business within the State where suit is brought and

process served. In that case Mr. Justice Day wrote: "The presence of a corporation within a state necessary to the service of process is shown when it appears that the corporation is there carrying on business in such sense as to manifest its presence within the state, although the business transacted may be entirely interstate in its character. In other words, this fact alone does not render the corporation immune from the ordinary process of the courts of the state."

The Court of Appeals of New York, by Cardozo, J., declared there was no precise test of the nature or extent of the business done but that the requisite fact is that enough was done to enable the court to say that the corporation "is here." Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915.

Upon the facts shown by the papers before me, my conclusion is that the defendant was doing business in New York and the duties of Sawhill were of such a character as to constitute him its managing agent within the terms of the statute. New York Civil Practice Act, § 229.

The motion is denied. The order, to be settled on two days' notice, should provide that the defendant have ten days from the service of the order and notice of entry within which to answer the complaint.