### DEUTSCH v. HOGE et al.
### No. 54.

Circuit Court of Appeals, Second Circuit.

Dec. 11, 1944.

Saul C. Cohen, of New York City (Irving H. Saypol and Leo Kotler, both of New York City, of counsel), for appellant.

Benjamin Stenzler, of New York City (Meyer Kraushaar, of New York City, of counsel), for appellees.

CHASE, Circuit Judge.

This is a removed action for breach of contract which was brought by a citizen of New York, Emanuel Deutsch, individually and under his business name and style of Unity Sanitary Supply Co., in the Supreme Court of New York, County of New York, against citizens of Ohio, Herman Hoge, Arthur Hoge, Gus Hoge, Joel Hoge and Oliver Hoge, individually and in business as Hoge Brush Company. Service of the summons and complaint was made upon the defendants by delivering copies thereof to one William E. Epstein at his office in the City of New York, by making a return to the effect that Epstein was in charge of business in which the defendants were engaged in New York, and by sending copies forthwith by registered mail addressed to the defendants at their place of business in Ohio. This was an attempt to obtain jurisdiction over the nonresident defendants by serving them with process pursuant to the provisions of § 229-b of the New York Civil Practice Act.

Thereafter the action was removed to the District Court by the defendants, who appeared specially and moved to quash the service and dismiss the complaint for lack of jurisdiction over them. The motion was granted, 52 F.Supp. 833, and this appeal followed. Previously the plaintiff had attempted to sue in the state court by serving process upon one Werheim as the managing agent of the Hoge Brush Company in Ohio, at a time when he happened to be in New York; but upon motion of the defendants that complaint had been dis-

missed for lack of jurisdiction of the person of the nonresident individuals who were in business as the Hoge Brush Company. Deutsch v. Hoge Brush Co., 266 App.Div. 116, 41 N.Y.S.2d 277.

The plaintiff has alleged three causes of action based on the breach by the defendants (1) of a contract to sell to the plaintiff at a stated price a large quantity of brushes the plaintiff needed to carry out a contract he had made with the United States Navy; (2) of a contract under which the plaintiff purchased for the defendants' account a quantity of horsehair, bassine fibre and flake naphthalene; and (3) of a contract under which the defendants agreed to make and sell to the plaintiff a large number of push brushes, floor brushes and duster brushes.

There was no reference to determine the material facts, some of which are sharply in dispute as is shown by the affidavits on which the motion was decided. There is no dispute, however, that the appellees were engaged in business in New York only if what Epstein did there made them so engaged. The trial judge has made an accurate and adequate summary of what was shown by the affidavits, from which the following is taken:

"It appears from affidavits that Epstein was not an employee of the defendants, that he merely solicited orders for them on a commission basis; that he was not authorized to quote prices other than those submitted to him by defendants; that all orders which he obtained were subject to the approval of the defendants' Ohio manager; that the merchandise to fill the orders was shipped from Ohio where defendants' factory is located and [they] were authorized to do business; that the bills for the merchandise which he sold originated in Ohio, and bore the notation 'all payments made to our agents must be made by check or draft to our order'; that where Epstein did sell merchandise and collect, he would remit a check to the defendants' Ohio Office; that although defendants' merchandise was sold in New York by Epstein and some others on a commission basis, defendants did not conduct a regular course of business in New York, had no office nor bank account here; that while it also appears that the name 'Hoge Brush Company' was listed in the door of Epstein's office, on the directory in his building and under his telephone number, this was unknown and unauthorized by the defendants."

Section 229-b of the New York Civil Practice Act provides, so far as now pertinent, that: "When any natural person or persons not residing in this state shall engage in business in this state, in any action against such person or persons arising out of such business, the summons may be served by leaving a copy thereof with the complaint with the person who, at the time of service, is in charge of any business in which the defendant or defendants are engaged within this state, and any summons so served shall be of the same legal force and validity as if served personally on such nonresident person or persons so engaging in business in this state within the territorial jurisdiction of the court from which the summons issues, provided that a copy of such summons and complaint together with a notice of such service upon such person in charge of such business according to the provisions of this section shall be forthwith sent to such nonresident person or persons by registered mail, return receipt requested."

It is obvious that the first question for decision is whether the defendants were engaged in business in New York. If they were not, the alleged causes of action could not, of course, have arisen out of the kind of business which would subject them to service in New York under the above statute, and by the same token it would be clear that service upon Epstein could not have been service upon a person who at the time was in charge of any business in which the defendants were engaged in that state. Unless this question is decided in the affirmative, other issues on this appeal are moot.

■ We do not think the defendants were shown to have been engaged in business in New York. Epstein was but an independent broker, who solicited business not only for the defendants but for others as well and was paid commissions by the defendants only on what orders he transmitted and they accepted. Indeed it is reasonably clear from the affidavits in this record that some of the difficulties in which these parties now find themselves may be traced to the commission which Epstein would have had to be paid had the defendants filled the orders he obtained from the plaintiff.

■ The question whether a person is engaged in business in a state is essentially one of fact, and decision will vary according to the facts in each particular case.

Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139; Henry M. Day & Co. v. Schiff, Lang & Co., D.C., 278 F. 533. It is plain enough that the New York Legislature made it a condition precedent upon the applicability of the above statute that a non-resident should be engaged not only in business in the state but in the business out of which the cause of action arose, and that as a second such condition there should be a person present in the state in charge of any business in which the nonresident is there engaged at the time of service upon such person. Consequently, activities which would make a foreign corporation "present" within a state for jurisdictional purposes, see Frene v. Louisville Cement Co., 77 U.S.App. D.C. 129, 134 F.2d 511, are not decisive. Yet the principles determining what is or is not engagement in business by a corporation hold true equally in respect to an individual, and so decisions on that issue are directly in point on the question here presented. A general discussion of that subject would now be of no particular advantage, for our own case of Davega Inc., v. Lincoln Furniture Mfg. Co., 29 F.2d 164, is sufficiently close on the facts so that what was there said applies as well to the situation disclosed by this record on appeal. In that case International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, on which the appellant much relies, was distinguished and it is now distinguishable for the same reasons. As the appellant failed to show that the appellees engaged in business in New York, the order quashing the service of summons and dismissing the complaint was without error.

Order affirmed.

L. HAND, Circuit Judge (dissenting).

We have here a state statute to construe (§ 229-b of the New York Civil Practice Act); a statute narrower in scope than the full power of the state. I say this because it is now settled that a state may subject a non-resident to the jurisdiction of its courts without personal service, if the action be based upon an act of the non-resident while personally within the state. Kane v. New Jersey, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222; Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Henry L. Doherty & Co. v. Goodman, 294 U.S. 623, 55 S.Ct. 553, 79 L.Ed. 1097. It seems to me therefore that New York has

power to say, if it chooses, that, when an individual sends agents into the state, or employs persons already in the state, continuously to solicit orders, he subjects himself to service by notice alone in any action upon a contract which results from such an order, even though the contract was completed by acceptance of the order outside the state. That is quite different from saying that the maintenance of such solicitors will subject a corporation—or an individual—to service by notice in actions based upon other claims; as a corporation is so subject when it does enough business to be "present" in a state. The Court of Appeals of New York in Tauza v. Susquehanna Coal Company, 220 N.Y. 259, 115 N.E. 915, held that a corporation was "present" for service by notice in an action upon any claim, if it maintained a regular staff of solicitors in the state. I shall assume for the purposes of this appeal that that went further than the decisions of the Supreme Court warrant: i.e. that my brothers are right, if the question to be decided were merely whether the defendants were "present" within the state in the sense that the Constitution demands.

But the question now being only one of the interpretation of a New York statute, I think that an action upon a contract made by the acceptance, outside the state, of an offer made within the state "arises out of" the offer and it only remains to decide whether, again as a matter of interpretation of the statute, the continued making of such offers, is "engaging in business". To decide that, I think it proper to look to the state decisions construing the same language, even though they were interpreting the Constitution and did so erroneously. All of this is a somewhat roundabout way of saying that we should here accept as the test of "engaging in business" what was said in Tauza v. Susquehanna Coal Co., supra. It is quite true that the defendant in that case had a more extensive establishment of solicitors in New York—more in number, more elaborate in organization; nevertheless, the defendants at bar had a continuous business in New York. Epstein was authorized to go out and bring in all the customers he could; and I am disposed to say that one agent, authorized by a standing agreement to procure all the business he can, is not substantially different from a staff of such agents. Indeed, Epstein's powers were broader than those of the agents there, be-

cause, although he could not accept cash, he could accept cheques and drafts to the defendants' order.

I have treated the decision in Tauza v. Susquehanna Coal Co., supra, as though it represented the present law of New York, although it has not remained altogether untouched. In reading the cases, care must be taken to distinguish between what will support service, from what will be a defense on the merits, when a non-resident plaintiff has not obtained a local license. The defendants do not so discriminate; for example, they cite International Text Book Co. v. Tone, 220 N.Y. 313, 115 N.E. 914,—decided the same day as Tauza v. Susquehanna Coal Co., supra,—as though it were in point. And even when the question was of service, the decisions are not easy to reconcile. Hall v. Weil-Kalter Manufacturing Co., 199 App.Div. 592, 191 N.Y.S. 884, was close to the case at bar on the facts, and so was Lillibridge v. Johnson Bronze Co., 220 App.Div. 573, 222 N.Y. S. 130; yet the service was held good in the first, and bad in the second by a vote of three to two; and the Court of Appeals affirmed the second in 247 N.Y. 548, 161 N. E. 177. In the Appellate Division Finch, J., said in Lillibridge v. Johnson Bronze Co., supra, that, upon the point before them, the state courts must follow the federal decisions; and I quite agree, but when, as here, the question is of the meaning of a state statute, that is of course not so.