## JONES v. MOTOROLA, Inc. et al.
### No. 105, Docket 21819.

United States Court of Appeals
Second Circuit.

Argued Jan. 10, 1951.

Decided Jan. 24, 1951.

L. Stewart Gatter, New York City, for plaintiff-appellant.

Fish, Richardson & Neave, and Archer Scherl, all of New York City, Stephen H. Philbin, New York City, Foorman L. Mueller, Chicago, Ill., of counsel, for appellee.

Before CHASE, CLARK and FRANK, Circuit Judges.

PER CURIAM.

The appellant, a resident of Connecticut, sued for infringement of his trade-mark "Motrola" and for unfair competition. The appellee Motorola, Inc., is an Illinois corporation having its principal office and place of business in Chicago in that state. It is neither licensed to do business in New York or have any office in that state. Nor was it shown to have done any business therein. It sells products it manufactures and marks with the trade-mark Motorola to the defendant Motorola-New York, Inc., for distribution by the latter to retail dealers within designated territory in accordance with the provisions of a written contract between the parties. Though Motorola-New York, Inc., is the distributor for it, it is not the agent of Motorola Inc. Davega Stores Corp., is one of such retail dealers in the Southern District of New York.

Service of summons was not made upon Motorola, Inc., in any other way than by serving it upon one Sara Skolnik an employee in the office of Motorola-New York, Inc., whose duties were to "handle express and shipping claims and corresponding matters" for her employer but who was not employed by and did nothing for Motorola, Inc.

Neither the last named corporation nor any of its officers or directors have any stock or financial interest in Motorola-New York, Inc.

 As the above stated facts were made to appear without substantial contradiction there was no adequate basis for the request of the appellant for a reference and no alternative but to grant the motion quashing the service of summons. Moreover, as there was no likelihood that service could be made upon the appellant within the Southern District, the dismissal of complaint was right. Echeverry v. Kellogg Switchboard Supply Co., 2 Cir., 175 F.2d 900; Deutsch v. Hoge, 2 Cir., 146 F.2d 201.

Affirmed.