DAVID DREHER, Appellant, *v.* WESTERN DOLL MANUFACTURING COMPANY, Respondent.

First Department, July 1, 1921.

Corporations — foreign corporation — motion to vacate service of summons on managing agent — positive evidence that person served was not managing agent overcome by advertisements of defendant.

The service of a summons on a foreign corporation by service on its alleged managing agent in this State should not be vacated though the affidavits presented by the defendant, made by persons who know the facts, are positive to the effect that the person served was not the managing agent, where it appears, in addition to the plaintiff's affidavit that the person served was the defendant's representative in charge of its New York

office, that the defendant frequently advertised in New York trade papers and stated in its advertisements that it had a New York office and that the person served was its New York manager.

APPEAL by the plaintiff, David Dreher, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of April, 1921, granting defendant's motion to set aside and vacate the service of the summons herein.

*H. H. Nordlinger* [*Samuel H. Hofstadter* with him on the brief; *Nordlinger & Riegelman,* attorneys], for the appellant.

No appearance for the respondent.

LAUGHLIN, J.:

Plaintiff was engaged in business in the city of New York and had a contract for the performance of certain work with the defendant, an Illinois corporation. The only evidence with respect to the nature of the action is contained in an affidavit made by the president of the defendant to the effect that it is predicated on a contract made between the parties at Chicago, Ill. The summons was served on Edwin E. Besser on the 17th of January, 1921, in rooms 607–609 of the building known as No. 41 Union Square West in the borough of Manhattan, New York. The process server made affidavit that he knew Besser to be the managing agent of the defendant but does not state the facts on which that conclusion is based. The affidavit of the plaintiff shows that the defendant is an Illinois corporation; that on two occasions defendant's president, in a conversation with him in Chicago, stated that defendant had an office in New York and that Besser was its representative in charge of that office and had been so in charge for about a year and had in the New York office a full line of the defendant's samples on the basis of which he made sales for the defendant company; that defendant has frequently advertised in New York trade papers and stated in its advertisements that it has a New York office at 41 Union Square West and that Besser was its New York manager. Seven of those advertisements were annexed to his affidavit. They show that defendant advertised that it was the largest novelty doll manufacturer in the world and would furnish catalogues of its wares to those who wrote for them

and specified the address of its Chicago office, and with respect to the New York office, contained the following: " New York Office — 41 Union Square West.   E. E. Besser in charge."

An affidavit by a clerk in the office of plaintiff's attorneys who served the summons, shows that the defendant has made no designation for the service of process upon it within this State and that he has made diligent effort to find an officer or director of the defendant here upon whom service could be made but without avail; that the New York telephone book and city directory give defendant's name and place of business in New York as stated in the advertisement; that on the door of the office in which Besser was served was the name " Edwin E. Besser Co., Inc.," which was followed by the words " Manufacturers' Agents," and the name of the defendant; that on calling there, he was informed that defendant had no officer or director in this State and that Besser and Company were its agents and had a full line of samples which belonged to the defendant and which they were using for the purpose of making sales and that they handled a number of lines, of which defendant's was one of the largest, and that when he called later and served the summons, Besser stated that he had a line of its samples here and sold goods for it but was not authorized to accept service.   Another affidavit shows that Besser called at plaintiff's office and stated that he ran the New York agency of the defendant and had come to inquire why certain work which plaintiff was supposed to be doing for the defendant was not progressing and stated that in case plaintiff desired to communicate anything to the defendant with regard thereto, he should communicate with Besser's office and tell him about it.   An affidavit made by Besser in support of the motion was to the effect that he is president of the Besser Company, which is a New York corporation, and that its office is at the place where defendant advertised that it has a New York office, and that his business is selling goods on commission, and that he handles various lines of goods for more than 100 factories and has done business with and for the defendant and obtains prices for it for the merchandise handled by his firm, and if he succeeds in obtaining orders they are transmitted to the defendant for acceptance or rejection, and that the goods sold are billed by the seller

and his firm is compensated by a discount or commission on the purchase price, and that neither he nor his firm has authority to represent or act for the defendant in any other manner. An affidavit by the president of the defendant corroborates Besser and states that .Besser has no connection with the defendant and is not employed by it on a salary, and that his sole business with it is as stated in his affidavit, and that he has no authority to close any contract or order for the defendant and must transmit propositions to it at the Chicago office for acceptance or rejection, and defendant has no property in this State.

The memorandum opinion at Special Term shows that the order was granted on the authority of *Taylor* v. *G. S. P. Assn.* (136 N. Y. 343). That decision holds, in effect, that positive affidavits made by persons who know the facts that the person served was not a managing agent overcome affidavits made by persons who could not know the fact and that he was such managing agent; but that the determination of the lower court on controverted facts with respect to. such agency is not reviewable by the Court of Appeals. Under that decision the affidavits made by Besser and the president of the defendant might overcome the affidavits presented in behalf of the plaintiff were it not for the advertisements by which defendant plainly represented to the public that it had and maintained a New York office and solicited their patronage on that basis. The affidavits with the advertisements containing these admissions on the part of the defendant present a question of fact with respect to Besser's being defendant's managing agent within section 432 of the Code of Civil Procedure and we think the point should be resolved against the defendant, which has induced people to trade with it on the representation that it had and maintained a New York office of which Besser was in charge for it. It follows that the order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.