MADISON DISTRIBUTING Co., INC., Appellant, *v.* PHŒNIX PIECE DYE WORKS, INC., Respondent.

Supreme Court, Appellate Term, First Department, January 9, 1930.

*Herman C. Pollack,* for the appellant.

*Hughes, Schurman & Dwight* [*Ralph S. Harris, John Fletcher Caskey* and *Curtiss Ely Frank* of counsel], for the respondent.

PER CURIAM.   The defendant concededly solicits orders for dyeing and finishing work from customers in this State.   Its general manager, Paillard, claims that it reserves the right to reject or accept the orders obtained by its solicitor, Schroeder.   It does not appear, however, whether the orders are written or oral, and we are likewise not informed whether the customers are told that their orders are subject to acceptance at the home office.   Paillard states that " the acceptance of said orders is *usually* manifested by defendant sending its truck for the merchandise ordered to be weighed, dyed or finished."   (Italics ours.)   When orders are accepted in this manner it would seem that the acceptance occurs at the customer's place of business.   How acceptance is manifested on unusual occasions we are not told.

Paillard does state that Schroeder has no authority to enter into a contract on behalf of the defendant for the rendering of services. He claims that it is customary for Schroeder to communicate with the home office by telephone or in person.   Schroeder himself states that he is given instructions as to the defendant's prices and when a customer wants work done on unusual terms or at a lower price, he, Schroeder, gets in touch with the home office.   The inference seems to be that where the customer is satisfied with defendant's regular price Schroeder may accept the order on his own initiative. Indeed, if all orders were subject to acceptance at the home office there would appear to be no justification for Schroeder's having to communicate with the home office even where the customer wanted unusual terms.   Schroeder states that a confirmation of the order is not sent to the customer from New Jersey but this does not necessarily mean that the confirmation constitutes the acceptance of the order.   For aught that appears, the customer is not apprised of the fact that in addition to the acceptance of his order by Schroeder a confirmation from the home office is necessary in order to create a contract.

In view of the foregoing we are of the opinion that this case is distinguishable from those in which written orders are taken on the express condition that they are subject to acceptance at the home office of the corporation.   Orders were often accepted and contracts made in this jurisdiction.   That the defendant is doing business in New York State is apparently confirmed by the fact

that it maintains desk room and telephone facilities in this State and has its office listed in the telephone directory as well as on the bulletin board of the building. What is more, defendant's letter-heads refer to the home office in New Jersey as the " main office and plant " and list the New York office right alongside. Cases such as *Lillibridge, Inc.,* v. *Johnson Bronze Co.* (220 App. Div. 573; affd., 247 N. Y. 548) are not in point. There all orders were subject to approval by the home office and the defendant's name was listed in the directory and on the office door, *without the defendant's authority*, by its agent, who paid the rent and other office expenses from his own funds. The affirmance by the Court of Appeals was expressly based upon the authority of *Hamlin* v. *Barrett & Co., Inc.* (246 N. Y. 554), which held that a foreign corporation could not be said to be doing business here merely because *its agent* placed its name in the directory and on its office door.

In *Cochran Box & Mfg. Co., Inc.,* v. *Monroe Binder Board Co.* (197 App. Div. 221; affd., 232 N. Y. 503) a foreign corporation was held to be amenable to process in this State under circumstances, with regard to the maintenance of an office and the listing thereof, which are very similar to those present in the case at bar. This, despite the fact that in the *Cochran* case all orders had to be sent to the home office for approval.

It is our opinion that the instant defendant is doing business in this State to an extent sufficient to authorize our courts to take jurisdiction of actions instituted against it.

Order reversed, with ten dollars costs and disbursements, and motion denied.

All concur; present, LYDON, PETERS and FRANKENTHALER, JJ.