OSCAR A. BROWN, Plaintiff, *v.* THE UNITED STATES DAILY PUBLISHING CORPORATION, Defendant.

Supreme Court, New York County, February 17, 1933.

*Goodman Block* [*Dorothy M. Spitzer* of counsel], for the plaintiff.

*Cohen, Cole, Weiss & Wharton,* for the defendant.

HAMMER, J. Upon this application for reconsideration, defendant's attorneys state they have no objection to the consideration as part of the record of the letter applying therefor, and the additional affidavit submitted therewith to show under section 229 of

the Civil Practice Act failure, after diligent efforts made to find and serve one of the persons designated in the subdivisions thereof. The service was upon an alleged managing agent. The motion to vacate such service was granted for failure to show such due diligence. It now appears from said additional affidavit that due diligence was made.

The other issues, a disposition of which was not necessary to the determination of the motion upon the papers previously submitted, will now be considered.

It appears that the cause of action arose in New York. Plaintiff sues for breach of contract of employment, admittedly made in New York on or about its date, November 14, 1930, copy of which is annexed to the complaint and marked Exhibit " A," and alleged modifications thereof in respect of plaintiff's compensation, made in or about June, 1932. Under such contract, plaintiff was to join the staff of the *United States Daily*, and to devote his whole time to development of circulation. The defendant, by affidavit, asserts that such alleged contract was superseded by a new contract dated May 23, 1932, executed and signed in Washington, D. C. Copy of the purported superseding contract is annexed to such affidavit. Under this latter, plaintiff was to devote his time exclusively to the matters of the Bureau of National Affairs, and was placed in charge of field organization for the United States. It does not appear whether this bureau was separate from or a part of the *United States Daily*, although the expense to the *Daily*, under the plan stated in the latter purported contract, was to be computed on the gross revenues of new subscriptions to the combined units, namely, the *United States Daily* and the Bureau of National Affairs.

The plaintiff, whose compensation under either arrangement was at least $25,000 per year, operated from the New York office at 280 Broadway, although he was required to report to the defendant's office at Washington.

Defendant may ultimately sustain its defense of new superseding contract, but, since it is clear that the plaintiff is suing for breach of a contract made in New York, it follows that the cause of action in suit arose in New York. It is unimportant whether or not the cause of action sued upon had its origin in the business transacted in this State. The essential requirement is that it be shown that the corporation shall have come into the State. (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259, 268, 269, and cases cited.)

The defendant has been doing business within this State. It is not disputed that the defendant maintains a branch office at 280 Broadway, New York city, and has a person there in charge.

Plaintiff claims that A. F. Zerbee, who has been served herein, is such person, and that he is generally in charge of this office, although at times Dutee J. Hall, who has charge of solicitation of circulation contracts, and a Mr. Pearson, who does, and /or is in charge of, the clerical work and bookkeeping, are available. The office consists of one large reception room, and two other small rooms, and are part of space under lease to the Consolidated Press Association, the rental for the partial space being paid to such association by the defendant from its Washington office. The defendant in its space " uses " desks, chairs, filing .cabinets, typewriters, stationery and supplies. Defendant's name in large letters is over the office doors, upon the hall directory of the building, and listed in the telephone directory. The office stationery bears the office address " 280 Broadway, New York City." Defendant also has advertised this office in its paper as follows:

" Branch Advertising Offices,
New York
Financial: A. F. Zerbee,
Sun Building, 280 Broadway
Worth 2-3949.

Branch Circulation Offices,
New York
Sun Building, 280 Broadway
Worth 2-3949."

Defendant maintains a " small " bank account, the amount of which is not stated, for the " purpose of providing advances to circulation solicitors or salesmen on commissions earned by them * * *."

A. F. Zerbee is in charge of advertising, and Dutee J. Hall in charge of circulation. The latter has under him a force of salesmen employed by defendant on a commission basis, and who are engaged in solicitation in the Eastern States. These solicitors or salesmen — six to eight in number — except for small advances out of the aforementioned bank account, are paid by defendant from its Washington office. Plaintiff claims that about twenty-five per cent of defendant's business or orders were received and closed in the State of New York, and many of them were accompanied by cash or check. The agents not only solicited orders, but accepted therewith such payments as they could then obtain.

By telegram dated March 30, 1931,. defendant's president congratulated plaintiff upon a record of 245 orders for the week previous, and stated he looked forward to double that amount.

The defendant is engaged in the dissemination of news of the Federal government throughout the United States and Canada,

and it would seem that the Empire State and the metropolis of the United States are at least fertile ground for the production of subscribers or readers, and advertisers as well. The facts shown by the papers indicate that defendant was carrying on its business within this State at the time of the attempted service. A continuous course of business in the solicitation of orders obtained here and forwarded to Washington, D. C., pursuant to which the papers of the defendant were delivered within this State, has been shown. This was not a single or occasional transaction, but many and continuous transactions which can only be said to amount to the doing of business within this State.

It is not claimed or shown that the defendant has any real property within this State. Nor does it appear that there is a written lease of the New York office. Although defendant states it " uses " equipment and supplies at such office its ownership of same is not admitted or shown. It is admitted, however, that defendant has a New York bank account. This it describes as small, but it may be assumed in the absence of a statement of the amount, that such account is large enough for the purpose for which it is maintained, and adequate for defendant's business here, and sufficient to establish that it has property in this State.

The most serious question, which is one of fact, is whether plaintiff has shown that A. F. Zerbee was a managing agent of the defendant within the meaning of subdivision 3 of section 229 of the Civil Practice Act. A managing agent is a person invested with general powers, involving the exercise of judgment and discretion, and not an ordinary agent or employee acting in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of the work and the manner of executing the same. (*Reddington* v. *Mariposa L. & M. Co.*, 19 Hun, 405, 408; *Beck* v. *North Packing & Provision Co.*, 159 App. Div. 418.)

The Civil Practice Act does not specify the extent of the agency required to bind defendants by service of process, except that the person upon whom the service is made must be managing agent. Every object of the service is attained when the agent served is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made. The statute is satisfied if he be a managing agent to any extent. (*Palmer* v. *Chicago Evening Post Co.*, 85 Hun, 403; *Palmer* v. *Pennsylvania Co.*, 35 id. 369.)

In *Tauza* v. *Susquehanna Coal Co.* (*supra*, at p. 269) it is stated: " If the persons named are true agents, and if their positions are such as to lead to a just presumption that notice to them will be notice to the principal, the corporation must submit." (*Conn.*

*Mut. L. Ins. Co.* v. *Spratley*, 172 U. S. 602; *Commercial Mutual Accident Co.* v. *Davis*, 213 id. 245.)

No facts are shown which establish that Zerbee is the person at the New York office vested with general powers, involving the exercise of judgment and discretion, and not an ordinary agent or employee acting in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of his work and the manner of executing the same. (*Reddington* v. *Mariposa L. & M. Co., supra; Beck* v. *North Packing & Provision Co., supra.*)

In the case of *Dreher* v. *Western Doll Manufacturing Co.* (198 App. Div. 21) the defendant frequently advertised in New York trade papers, and stated in its advertisements that it had a New York office at 41 Union Square West, and that Besser, the man served, was its New York manager. These advertisements stated that the defendant was the largest novelty doll manufacturer in the world, and would furnish catalogues of its wares to those who wrote for them, and specified the address of its Chicago office, and, with respect to the New York office, contained the following: " New York Office — 41 Union Square West. E. E. Besser in Charge."

The affidavits of the defendant in that case, made by persons who knew the facts, were positive to the effect that the person served was not the managing agent. Yet the court held that the service of the summons should not be vacated, as, in addition to the usual affidavit of service, it appeared that the person served was the defendant's representative, and defendant stated in its advertisements frequently published in New York trade papers that he was in charge at its New York office.

The advertisement in the case at bar does not contain the words " in Charge " after the name of Zerbee. Except for this, the facts are quite similar. Zerbee was employed as a financial advertising solicitor of advertising matter for publication in the defendant's newspaper. He was in the New York office every day; he solicited and took orders for advertising, and transmitted them to Washington, D. C., where they were accepted or rejected. His name appeared in the advertisment of the defendant referred to above, and he was therein held out by the defendant as its financial advertising representative located in New York city.

In *Dreher* v. *Western Doll Manufacturing Co.* (*supra*) it was held that the affidavits and the advertisements containing the admissions referred to presented a question of fact with respect to Besser's being defendant's managing agent within section 432 of the Code of Civil Procedure (now section 229 of the Civil Practice Act),

and the point should be resolved against the defendant which had induced people to trade with it on the representation that it had and maintained a New York office, and that Besser was in charge for it.

It would appear that this defendant, as in *Dreher* v. *Western Doll Manufacturing Co.* (*supra*), has induced people to trade with it on the representation that it maintains a New York office where it is represented by Zerbee who is there in charge for it.

I am satisfied in the instant case, also, that service upon Zerbee would be calculated to give notice to the defendant of the impending action. The question of fact as to Zerbee being a managing agent within the meaning of the statute accordingly should be resolved against the defendant.

Exclusive of the published statement in its paper, the facts perhaps were stronger support to a finding that Hall rather than Zerbee is defendant's managing agent in New York. The published statement, however, does not mention Hall's name but sets forth that of Zerbee. This attachment of importance to Zerbee by thus bringing him to the attention of those dealing or likely to deal with defendant and looking in the most likely place for the ascertainment of authentic statement for information as to the place and person with whom such dealing with defendant could with safety be transacted, would appear to amount to a holding out to such persons and the public that Zerbee was a managing agent within the meaning of the statute.

It appears then that the defendant maintains an office in this State and there it has an agent who has under him six or eight salesmen or solicitors, and there it has a clerical staff, and there also it has the person served who solicits and obtains advertising for it and this person in its paper it states and holds out to be its agent at its New York office. In addition it appears that through this medium it systematically and regularly solicits and obtains orders which result in the continuous transmittal of its papers, the dissemination of its news, and the circulation of its advertisements to persons in New York. It must be concluded that to do these things is to do business within this State in such a sense and in such a degree that the corporation doing them subjects itself upon the service of process as herein shown to the jurisdiction of this court.

The motion to vacate service is denied, with ten dollars costs. Defendant upon payment of said costs and within ten days from the service of a copy of this order with notice of entry may have leave to serve its answer.