Michael Catalano, J.
This is a motion by the defendant appearing specially, to set aside the service of the summons and complaint on the grounds “ that the person upon whom an attempt was made to serve said summons and complaint was not authorized * # * to receive process' in behalf of the defendant and * * * that this Court has no jurisdiction over the defendant because it is a railroad incorporated in the State of Illinois and is not doing business within this state ”.
Thomas D. Rogers, a resident of Brie County," New York, while employed by the defendant as a 11 Chief Clerk ’ ’, was served with a copy of the summons and complaint herein, although he was not “ an officer or agent of said railroad authorized either by law or by said corporation to receive legal process in its behalf ”, as defendant contends.
The defendant was incorporated under the laws of the State of Illinois, carrying freight and passengers for hire as a public *706 railroad carrier, and operating solely in States outside. New York State. It never was incorporated in this State, nor has any license or franchise to do business been issued to. it here. It maintained an office in Buffalo, New York, employing a “General Agent”, a “Travelling Freight Agent ” and a “ Chief Clerk ”, whose sole authority and functions were “ to solicit business from and furnish schedule information to prospective customers in New York state who may have freight or passenger business that the said railroad may handle in states where it operates its railroad outside of New York State.” The only other office maintained by the defendant in New York State is located in New York City, employing 16 employees whose duties and functions are identical to those in Buffalo. All rent checks for said offices and all salary checks for these employees are sent from Chicago, Illinois. The defendant has not designated the Secretary of State of New York nor any one else to receive service of process in its behalf.
All facts in the two moving affidavits submitted by the defendant are stipulated as true by the plaintiffs who have not submitted any affidavits on this motion. The following facts are admitted to be true: Said offices of the defendant do not sell passenger tickets, do not issue bills of lading, do not handle claims of any nature, either freight or passenger, do not handle any matters of a financial nature; said employees do none of these things, have no authority to do any of said acts, have been expressly instructed not to do them, and cannot do any of these things; the defendant does not own any real estate in the State of ' New York, has no contracts to purchase real estate here, does not own, lease, operate, maintain or repair any railroad track, lines or stations in this State, and none of its employees ever operates trains, locomotives or other rolling equipment within, into or out of this State.
The plaintiffs have presented to this court their original verified complaint'which alleges a cause of action to the effect that on October 7, 1956, at about 2:15 p.m., the infant plaintiff, while a passenger for hire, received certain injuries while entering a train of the defendant from a platform in the city of Memphis; Tennessee; also, a second derivative cause of action by the plaintiff father.
There is no precise measure of the nature or extent of local activities which will render a foreign corporation amenable to process in this State; each such ease must be decided on its own particular facts. (Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., 299 N. Y. 208, 210.) In any event, the foreign corporation must perform “ some substantial part of its main *707 business ” here; nothing short of this will suffice. (Holzer v. Dodge Bros., 233 N. Y. 216, 221.) The solicitation of freight and passenger business in this State by a foreign corporation, without showing some additional activities, is not sufficient to render it amenable to suit in this State. (Internatio-Rotterdam, Inc. v. Holland America Line, 148 N. Y. S. 2d 492, 493; see, also, Elish v. St. Louis Southwestern Ry. Co., 305 N. Y. 267, 269; Ruth v. Rock Is. R. R. Co., 157 N .Y. S. 2d 141, 142.)
The case of Yeckes-Eichenbaum, Inc. v. McCarthy (290 N. Y. 437, 442) can be readily distinguished because there no attempt was made to serve the foreign corporate defendant; apparently, the trustees of the corporation were the only ones attempted to be served with the summons and complaint under the authority of section 229-b of the Civil Practice Act. (P. 440.)
In the case at bar, it is an undisputed fact that the solicitation of freight and passenger business in this State by the defendant, without showing additional activities, constitutes the only basis to render it amenable to suit here. Therefore, it cannot be said to “be here ” for such purpose.
Section 229 of the Civil Practice Act provides, in part, as follows:
“ Personal service of the summons upon a foreign corporation must be made by delivering a copy thereof, within the state, as follows:
# * *
“3. To the cashier, assistant cashier, a director or a managing agent of the corporation, within the state, if service cannot be effected under subdivision two of this section, or an officer of the corporation specified in subdivision one of this section, with due diligence, cannot be found within the state.”
Where a person’s sole duty is to solicit contracts for freight, but without authority to execute contracts or to collect or disburse moneys for the defendant foreign corporation, and with no powers involving the exercise of judgment or discretion on behalf of the defendant, he is not a “ managing agent ” of the defendant and service of process upon him is invalid. (Joseph v. Kansas City, Mexico & Orient Ry., 180 App. Div. 313, 314, 315.)
Generally, a “ managing agent ” must be some person invested by the foreign corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of *708 executing it. (Taylor v. Granite State Provident Assn., 136 N. Y. 343, 346; see, also, Brown v. United States Daily Pub. Corp., 146 Misc. 539, 542, affd. 239 App. Div. 777.)
Here, we do not have systematic and regular solicitations for orders of coal continuously shipped from another State to New York (see Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 265); nor considerable business and negotiating important contracts connected with business carried on within the State (Cochran Box & Mfg. Co. v. Monroe Binder Bd. Co., 197 App. Div. 221, 223, affd. 232 N. Y. 503); nor maintenance of a permanent sales organization in New York employed full time (Benware v. Acme Chem. Co., 284 App. Div. 760, 761); nor authority in a local representative to draw checks against a bank account of the defendant maintained in this State (Mitchel Schneider Co. v. Gamble-Skogmo, 85 N. Y. S. 2d 703, 704, affd. 275 App. Div. 666); nor any local purchasing or sales activities (Scheier v. Stoff, 142 N. Y. S. 2d 716, 717; Rabinowitz v. Kaiser-Frazer Corp., 198 Misc. 707, 713, affd. 278 App. Div. 584, affd. 302 N. Y. 892; Madison Distr. Co. v. Phoenix Piece Dye Works, 135 Misc. 543, 544).
Although naught appears expressly that any effort was made to serve an officer or designee of the foreign corporation located in New York, nevertheless, this would have been futile here and “due diligence” only means a search for the possible. Thus, the absence of such a showing is immaterial.
In this case, Thomas D. Rogers, the local “ Chief Clerk ” of the defendant, located in Buffalo, New York, was not a ‘ ‘ managing agent ’
Motion granted. Prepare and submit order accordingly.