Henry A. Hudson, J.
The motion in this case is made by the defendant, appearing specially, to set aside the service of a summons on the ground that the defendant is a foreign corporation not doing business in this State and having no representative upon whom service is proper and is not subject to the jurisdiction of the court. Affidavits have been submitted by both parties supporting their contentions as to the extent of the defendant’s business and the duties of its employee upon whom service was made.
It is urged by the defendant that it is a corporation organized under the laws of Ohio; that its only place of business is in that State and that all of its operations are conducted therefrom. It is also urged that all of its work is directed from its Akron, Ohio offices and that all of its employees are paid by check issued therefrom and that it has no officer, director or managing agent in the State of New York nor any office for the conduct of business therein. It is also contended that its employee, Victor Nowlan, upon whom the summons was served, was merely a foreman; that, he is employed under union contract requirements and has no managerial duty or authority.
It is contended by the plaintiff in opposition to the motion that Victor Nowlan is in fact a job superintendent or supervisor for the defendant; that he has charge of the defendant’s work in this State and that he supervises and directs the employees of the defendant in the carrying on of their duties under numerous subcontracts in which the company is engaged in this State.
The moving affidavit in support of defendant’s application was made by its attorney upon information and belief. The *340 plaintiff submitted two answering affidavits, one by the process server who served the summons upon Victor Nowlan, in which he states that Nowlan informed him that he was the erection superintendent of the defendant and had charge of several jobs; that his duties included getting the inventory to the site of construction work; getting the job started; supervising the construction and keeping things going. Plaintiff submitted a further affidavit of Charles E. Weed, job superintendent of the F. D. Rich Company, Inc., General Contractor, engaged in a construction job at the Marcy State Hospital, Marcy, New York and the New York State Office Building in the City of Syracuse, New York. He stated that the defendant was a subcontractor upon both of said jobs having been engaged for two years on the Marcy State Hospital job and for one year on the State Office Building job; that he knew Victor Nowlan, knew that he was employed by the defendant; knew that he was in charge of the work being carried out by the corporation at Marcy State Hospital and at the State Office Building in Syracuse and that said Nowlan was in charge of the work performed by the defendant on both of these buildings. He stated that the work supervised by Nowlan on the Marcy State Hospital job included the erection of stairways, expansion joints, wire guards and railings and that the work supervised by Nowlan at the State Office Building job included the erection of all the steel for the stairways and all stainless steel trim. It also appears from the affidavit of Charles Weed that the defendant had other construction jobs in New York State at the Rochester State Hospital, Rochester, New York and in Oswego, Rome and New York City, such information having been obtained in various conversations with employees of the defendant.
The defendant submitted the answering affidavit of T. L. Cook, its secretary and. treasurer. Any denials of the statements in the affidavits submitted by plaintiff therein are mere conclusions.
It is stated in the affidavit of T. L. Cook, page 2, as follows:
‘ ‘ The defendant is an Ohio Corporation having its principal office and place of business in the city of Akron. It proffers bids as a sub-contractor on work in twelve neighboring states and if awarded the job it is managed from the home office of the company in Akron, Ohio.
“ Under the general working rules of the International Association of Bridge Structural and Ornamental Iron Workers which has jurisdiction over all of the defendant’s erection work, it is provided in Sec. 13, Par. ‘ A ’ thereof as follows:
*341 “ ‘"Where two (2) or more iron workers are employed, one shall he selected by the employer to act as foreman and receive a foreman’s wages, and the foreman is the only representative of the employer who shall issue instructions to the workmen.’ ” and on the last page thereof:
“ The said Victor Nowlan serves in the capacity of a foreman only to the extent required by the Union Buies above referred to. He has no managerial authority, can make no agreements binding upon the defendant and is himself directed by and paid from the home office of the Company in Akron, Ohio.
“ Since under the Union regulations at least 50% of the workers on any project must be hired from the nearest ‘ local ’ the said Victor Nowlan would have the right to hire such help as might be needed locally, but the time of such workers is transmitted to Akron from which they receive payment of their wages.
“ In the past three and one-half years the defendant has been awarded a total of fourteen contracts in the State of New York in comparison with a total of five hundred sixty-eight (568) contracts during the same period in all areas. From a financial standpoint, this represented a sum of about $1,250,-000.00 out of a total of about $12,500,000.00. In the years 1952, 1953, and 1954, no contracts were obtained in New York State.”
"While it does not appear in the moving papers, the court was advised on the argument of the motion and it appears in the plaintiff’s brief that the cause of action herein was instituted to recover for injuries alleged to have been sustained by the plaintiff by reason of the negligent performance by the defendant of work on its subcontract involving the construction of the State Office Building in Syracuse, New York.
I am satisfied from the affidavits that the defendant is a corporation organized and existing under the laws of Ohio; that it has no certificate filed in the State of New York authorizing it to do business here; that it has done business within the State of New York to the extent that of 568 contracts performed in the past three and one-half years, 14 were done in New York State but that those 14 constituted 10% of the total volume of business done by the defendant; that the defendant engaged in such contracts; that service of process was made upon one Victor Nowlan, the foreman in charge of the work of the defendants in New York, he having authority to supervise the work, employ and direct workmen on the job and represent the company on the job in its dealings with prime contractors. I am, therefore, of the opinion that it is clearly *342 established by the moving papers as a fact that Victor Nowlan is a managing agent of the defendant within the meaning of that expression as used in subdivision 3 of section 229 of the Civil Practice Act.
As has been repeatedly held by the courts in this State, there is no precise formula by which to measure the nature or extent of local business activities which render foreign corporations amenable to process in this State Each case must be determined on its own particular facts. (Tauza v. Susquehanna Coal Co., 220 N. Y. 259; Palmer v. Pennsylvania Co., 35 Hun 369, 371; Halpern v. Pennsylvania Lbr. Ind., 137 Misc. 688, 690; Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., 299 N. Y. 208, 210.)
The proper and reasonable rule to be applied is set forth in the landmark ease of International Shoe Co. v. Washington (326 U. S. 310), that jurisdiction exists where the foreign corporation has such contacts within the State of the forum as make it reasonable and just and inoffensive to traditional notions of fair play to require the corporation to defend the particular suit which is brought. The criteria applied should neither be mechanical nor quantitative but simply that a foreign corporation should be held to the obligation of responding to an action to the extent that it has exercised the privilege of conducting activities within a State. (International Shoe Co. v. Washington, supra.) Such activities exercised in this forum must be an essential and integral part of its business but need not be the principal part thereof. (Pomeroy v. Hocking Val. Ry. Co., 218 N. Y. 530.)
The defendant has submitted numerous authorities including two very recent decisions: Miller v. Surf Properties (4 N Y 2d 475); Hardaway v. Illinois Cent. R. R. Co. (9 Misc 2d 705). In my opinion these cases involve an entirely different set of circumstances than those in the present case. I am also of the opinion that under the cases cited herein, Vincent Nowlan exercised and performed duties on behalf of the defendant which would qualify him to be a managing agent within the meaning of subdivision 3 of section 229 of the Civil Practice Act.
The motion is, therefore, denied with $10 costs. Order accordingly.